UNITED STATES of America, Appellee,

v.

William D. KIRTLEY, Appellant.

No. 92–3211.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 18, 1993.

Decided Feb. 24, 1993.

Paul A. Zoss, Des Moines, IA, for appellant.

Linda R. Reade, Des Moines, IA (Gene W. Shepard and Linda R. Reade, Des Moines, IA, on the brief), for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

William D. Kirtley entered a bank, placed a gun on the counter, and stated, "This is a hold up." Kirtley ordered the bank's tellers to lie on the floor and tie their feet together with materials he provided. The tellers complied after Kirtley threatened to hurt someone if they did not follow his order. Kirtley then took some cash from a drawer and left the bank. The tellers quickly freed themselves and called the police. Following Kirtley's arrest, he pleaded guilty to bank robbery, *see* 18 U.S.C. § 2113(a), (d) (1988), and using a firearm during a crime of violence, *see id.* § 924(c)(1). The district court sentenced Kirtley to 144 months imprisonment. Kirtley appeals his sentence. We affirm.

■ Kirtley contends the district court improperly increased his base offense level under U.S.S.G. § 2B3.1(b)(4)(B) (Nov.1991) for physically restraining the bank tellers. Under this section, the district court increases the robbery base offense level "if any person was physically restrained to facilitate commission of the offense or to

facilitate escape." *Id.* Physical restraint is defined as "forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1 application note 1(i). According to Kirtley, by merely asking the tellers to tie their feet together with his materials, Kirtley did not physically restrain them within the meaning of § 2B3.1(b)(4)(B). We disagree.

■ Under § 2B3.1(b)(4)(B), a defendant physically restrains persons if the defendant creates circumstances allowing the persons no alternative but compliance. *See United States v. Doubet,* 969 F.2d 341, 347 (7th Cir.1992) (defendant who carried gun and made death threats physically restrained victims by directing them into isolated room). Although Kirtley did not bind the tellers himself, Kirtley ordered the tellers to bind themselves after producing a gun and threatening them. Because the tellers had no alternative but to obey, Kirtley physically restrained them. We reject Kirtley's contention that the tellers were not physically restrained because they were able to free themselves easily after he left the bank. *See id.* (victims were physically restrained in unlocked room by death threats although able to leave room after defendant left). Thus, we conclude the district court properly increased Kirtley's base offense level under § 2B3.1(b)(4)(B).

■ Kirtley also contends the district court violated the Fifth Amendment's Due Process and Double Jeopardy Clauses by using the same earlier conviction to add six criminal history points under U.S.S.G. § 4A1.1(a) (adding three points for earlier sentence of imprisonment exceeding one year and one month), § 4A1.1(d) (adding two points for offense committed while on parole), and § 4A1.1(e) (adding one point for offense committed less than two years after release). Kirtley's contention, however, is foreclosed by our holding in *United States v. Thomas,* 930 F.2d 12, 13–14 (8th Cir.1991).

Accordingly, we affirm.