UNITED STATES of America, Appellee,

v.

Mason SCHAU, Appellant.

UNITED STATES of America, Appellee,

v.

Monte SCHAU, Appellant.

Nos. 93–1951, 93–2024.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 4, 1993.

Decided Aug. 19, 1993.

Martha M. McMill, Sioux City, IA, argued, for Mason Schau.

Robert L. Stenander, Sioux City, IA, argued, for Monte Schau.

Michael M. Hobart, Sioux City, IA, argued, for U.S.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Mason Schau and Monte Schau appeal their consecutive sentences for bank robbery by use of a dangerous weapon and possession of a firearm during the commission of a crime of violence. See 18 U.S.C. §§ 2, 924(c), 2113(d) (1988). We affirm.

Both defendants contend the district court should not have increased their base offense levels for physically restraining their victims because they did not actually bind, tie, or lock up the victims. See U.S.S.G. §§ 2B3.1(b)(4)(B), 1B1.1, comment (n.1(i)) (Nov.1992). We disagree. While carrying firearms, the defendants ordered the victims into the bank vault, attempted to lock the vault door, and wedged a chair against the vault door when it would not lock. Even though the vault door was not locked and the victims were able to free themselves easily, the victims were forced to comply. Thus, we conclude the district court properly increased the defendants' base offense levels. See United States v. Kirtley, 986 F.2d 285, 286 (8th Cir.1993) (per curiam) (armed bank robber physically restrained tellers by ordering them to tie their own feet together even though tellers later easily freed themselves); United States v. Doubet, 969 F.2d 341, 346–47 (7th Cir.1992) (armed bank robber physically restrained tellers by ordering them into an isolated, unlocked room).

Both defendants also contend the increase in their base offense levels for physically restraining their victims while brandishing firearms constitutes impermissible

double-counting with § 924(c). Because the defendants did not raise this issue below, we will not reverse unless there is plain error resulting in a miscarriage of justice. *See Fritz v. United States,* 995 F.2d 136, 137 (8th Cir.1993). The sentencing guidelines state the specific offense characteristics under section 2B3.1(b)(2)(A)–(F) should not be applied when a sentence is imposed under § 924(c) in conjunction with another sentence for an underlying offense, *see* U.S.S.G. § 2K2.4, comment (n.2) (Nov.1992), but the guidelines do not mention the specific offense characteristics under section 2B3.1(b)(4)(B). Here, the district court increased the defendants' base offense levels because they restrained the victims in the vault to facilitate their offense, not because the defendants possessed firearms during the robbery. Thus, we conclude the district court did not commit plain error.

■ Monte Schau claims the district court should have given him a three-level rather than a two-level decrease in his sentence for acceptance of responsibility based on his confessions to the government. *See* U.S.S.G. § 3E1.1 (Nov.1992). We give great deference to a district court's decision about acceptance of responsibility and will reverse the decision only for clear error. *United States v. Aldridge,* 985 F.2d 960, 962 (8th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 2947, 124 L.Ed.2d 695 (1993). The record shows that the authorities had recovered the stolen money and the government had already prepared for trial before Monte Schau confessed and pleaded guilty. Because Monte Schau did not timely assist the "authorities in the investigation or prosecution of his own misconduct," U.S.S.G. § 3E1.1(b), we conclude the district court did not commit clear error in denying the additional one-level decrease.

Accordingly, we affirm.