**UNITED STATES of America, Appellee,**

v.

**Wesley McQUAY, Appellant.**

No. 92–3881.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1993.

Decided Oct. 21, 1993.

John D. Hudson, Des Moines, IA, argued, for appellant.

Clifford D. Wendel, Des Moines, IA, argued (Gene W. Shepard, Ronald M. Kayser and Clifford D. Wendel, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Wesley McQuay appeals consecutive sentences imposed on him by the district court[1] following his guilty pleas to possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and to possessing a firearm during a drug crime, in violation of 18 U.S.C. § 924(c)(1). McQuay contends the district court erred in denying his request for an additional one-level reduction

1. The Honorable Harold D. Vietor, United States    District Judge for the Southern District of Iowa.

in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). We affirm.

**BACKGROUND:**

In a multi-count indictment, the government charged McQuay and two others with conspiracy to distribute cocaine base and with possessing a firearm during a drug crime. The government also charged McQuay with possessing cocaine base with intent to distribute and with being a felon in possession of a firearm. The case proceeded to trial on July 6, 1992. On the second day of trial, the defendants learned that the government had failed to disclose some exculpatory evidence, and the district court declared a mistrial. The information affected McQuay's codefendants but did not alter the government's case against McQuay. The court scheduled a new trial to commence on September 1, 1992. On August 31, 1992, however, McQuay informed the government that he would plead and he then pled guilty in open court to two of the counts in exchange for the government's promise to dismiss the remaining charges against him. (*See* Sent.Tr. at 31.)

The presentence investigation report (PSR) indicated that McQuay was subject to a mandatory consecutive five-year sentence on the firearm offense. On the possession charge, the PSR indicated a base offense level of 30 and recommended a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) (1992). The PSR placed McQuay in criminal history category II, producing a Guidelines range of 87 to 108 months. McQuay objected to the PSR's recommendation that he receive a two-level reduction for acceptance of responsibility, insisting that he was also entitled to the additional one-level reduction under § 3E1.1(b).

At the sentencing hearing, McQuay contended that he timely provided the government with information and timely notified the government of his intention to plead after he received the additional discovery materials to which he was entitled. The government argued that because it was forced to prepare

for trial and to participate in two days of trial proceedings, McQuay was not entitled to the additional one-level reduction under § 3E1.1(b).

The district court refused to allow McQuay the additional one-level reduction. The court found that, even assuming the first trial does not count, McQuay did not timely notify authorities of his intention to enter a guilty plea, so he was not entitled to the additional one-level reduction. The district court sentenced McQuay at the bottom of the applicable Guidelines range, imposing an 87–month sentence for the possession offense and a consecutive 60–month sentence on the firearm offense, to be followed by a four-year term of supervised release.

On appeal, McQuay argues that the district court erred in denying him the additional one-level reduction under § 3E1.1(b). The government argues McQuay's guilty plea was not sufficiently timely to entitle him to the additional reduction under either subsection (b)(1) or (b)(2).

**DISCUSSION:**

◼ Whether to grant a reduction for acceptance of responsibility is a factual determination which depends largely on the district court's credibility assessments. *United States v. Welna,* 998 F.2d 599, 600 (8th Cir. 1993). Commentary to U.S.S.G. § 3E1.1 (Nov. 1993) states that a sentencing judge is in a unique position to evaluate whether a defendant has accepted responsibility for his crime and, therefore, that determination is entitled to great deference. U.S.S.G. § 3E1.1, comment. (n. 5). This court gives great deference to a district court's refusal to grant a reduction for acceptance of responsibility and will reverse only for clear error. *United States v. Schau,* 1 F.3d 729, 731 (8th Cir.1993).

As amended in 1992,[2] U.S.S.G. § 3E1.1, provides as follows:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

---

2. The pre-amendment version of U.S.S.G. § 3E1.1 allowed a two-level reduction for any defendant who "clearly demonstrates a recogni-

tion and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a) (Nov. 1991).

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (Nov. 1992). When determining whether to allow a reduction under this section, the court considers several factors. *See* U.S.S.G. § 3E1.1, comment. (n. 1). "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, comment. (n. 3). *See United States v. Wichmann,* 958 F.2d 240, 242 (8th Cir.1992).

This appeal focuses on what is meant by "timely" under subsections (b)(1) and (b)(2). The commentary to § 3E1.1 guides our interpretation of timeliness:

The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections [ (a) and (b) ], and is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case. For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.

U.S.S.G. § 3E1.1, comment. (n. 6). The commentary further states that a defendant who both qualifies for a two-level reduction under subsection (a) and an additional reduction under subsection (b) "has accepted responsibility in a way that ensures the certainty of his just punishment in a timely manner,

thereby appropriately meriting an additional reduction." U.S.S.G. § 3E1.1, comment. (backg'd.).

We have not previously attempted to define "timeliness" in the context of U.S.S.G. § 3E1.1(b), although we have identified what is not timely. In *Schau,* the defendant confessed and pleaded guilty after the government had already recovered the stolen money and prepared for trial. *Schau,* at 731. This court held that because Schau did not timely assist the authorities in the investigation and prosecution, "the district court did not commit clear error in denying the additional one-level decrease." *Id.*

■ As to subsection (b)(1), the district court did not clearly err in finding that McQuay did not "timely" provide complete information to authorities concerning his involvement. McQuay initially entered a plea of not guilty. He did not volunteer any information to the government in time for it to be useful to the government in its investigation. McQuay proceeded to trial, which lasted two days before ending in mistrial. The court rescheduled a second trial date and McQuay pled guilty the day before the second trial. McQuay did not disclose information concerning his own involvement until the presentence investigation interview.

■ McQuay contends that requiring him to earlier volunteer self-incriminating information in order to receive the additional one-level reduction would be a violation of his Fifth Amendment right to remain silent. Therefore, he argues that he "timely" provided the government with complete information by his candor in the presentence investigation interview. This argument is without merit. We have consistently found that § 3E1.1 does not violate the constitution. *See e.g., United States v. Lublin,* 981 F.2d 367, 370 (8th Cir.1992); *United States v. Hernandez,* 972 F.2d 885, 888 (8th Cir.1992); *United States v. Lyles,* 946 F.2d 78, 81–82 (8th Cir.1991). The reduction for acceptance of responsibility " 'merely formalizes and clarifies a tradition of leniency extended to defendants who express genuine remorse and accept responsibility for their wrongs.' " *Lyles,* 946 F.2d at 81–82 (quoting *United*

States v. Crawford, 906 F.2d 1531, 1534 (11th Cir.1990)). A defendant always has the right to choose whether to preserve the presumption of innocence for himself by invoking his right to remain silent or to speak to authorities and thereby ensure the certainty of just punishment in a timely manner within the meaning of subsection (b)(1). McQuay is not being punished for choosing to exercise his right to remain silent; he merely does not reap the benefit of the additional one-point reduction given to others who volunteer information about their conduct in a more timely manner. McQuay does not meet the timeliness requirement of subsection (b)(1).

The operative term of subsection (b)(2) in marking timeliness is the point when a defendant notifies the government of his *"intention* to enter a plea of guilty." U.S.S.G. § 3E1.1(b)(2). McQuay notified the government that he intended to plead to these two charges on the day before the second trial, when the offer was made. McQuay insists that he notified the government of his intention to enter into a plea agreement within a week of receiving the discovery materials that should have been disclosed prior to the first trial. The Assistant United States Attorney, Mr. Wendel, indicated that he knew McQuay was interested in a plea at that point, so he did not prepare for the second trial. (Sent.Tr. at 34). Mr. Wendel also stated, however, that further preparation was unnecessary because his preparation, for the most part, had been completed in anticipation of the first trial. (Sent.Tr. at 37). Finally, although it appears the court was able to substitute another trial at the last minute, McQuay's last-minute decision to plead did not contribute to efficient trial calendar scheduling. Given this context, we cannot say that the district court clearly erred in denying McQuay the additional one-level reduction under subsection (b)(2).

Subsequent to the time this case was submitted to the court, John Hudson, McQuay's court-appointed counsel, moved to withdraw from further representation of McQuay. Because the case had already been submitted, and has now been decided without further need for counsel's assistance, we grant the motion to withdraw.

Accordingly, we affirm the judgment of the district court.