16 F.3d 414
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory WHYTE, a/k/a Charles Chambler, a/k/a Charlos
Chambler, a/k/a Manny, Defendant-Appellant,
and
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Pierre SMALLWOOD, a/k/a Al, Defendant-Appellant.
 Nos. 92-5848, 93-5018.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: Dec. 16, 1993.
Decided Jan. 10, 1994.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior Judge, sitting by designation. (CR-91-357-HAR)
 Harry D. McKnett, Columbia, Maryland, for Appellant Whyte;
 Richard W. Winelander, Baltimore, Maryland, for Appellant Smallwood.
 Lynn A. Battaglia, United States Attorney, Debra A. Carr, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Gregory Whyte and Allen Pierre Smallwood were named with seven co-defendants in a multi-count indictment charging conspiracy to distribute heroin and other offenses. Whyte and Smallwood each entered a guilty plea to the conspiracy count, 21 U.S.C.A. Sec. 846 (West Supp.1993), and to one count of being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1993). They appeal the sentences they received. Each Appellant argues that the district court erred in refusing to award him a three-level downward adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1(b) (Nov.1992). We affirm.
 
 
 2
 Whyte and Smallwood were initially charged in September 1991 with participation in the heroin conspiracy. A superseding indictment issued in January 1992 added other charges. With trial set for May 21, 1992, Whyte and Smallwood entered into plea agreements on May 15, 1992, and entered their guilty pleas on May 18, 1992, a Friday before the Monday trial date. They were sentenced after guideline section 3E1.1 was amended in November 1992. The amendment provided a three-level adjustment for a defendant who accepts responsibility and (1) provides timely and complete information about his own involvement, or (2) timely notifies authorities of his intention to plead guilty, thus saving the government the effort of preparing for trial.
 
 
 3
 The government did not oppose a two-level acceptance of responsibility reduction for either Whyte or Smallwood, and the presentence report, prepared before the amendment to section 3E1.1 became effective, recommended a two-level adjustment in each case. When Whyte asked for a three-level reduction at his sentencing hearing, the government responded that his plea was not timely, and his cooperation, though complete as to his own involvement, came so late that its value was greatly diminished. The district court denied the extra reduction.
 
 
 4
 Smallwood also asked for a three-level reduction because of his cooperation, asserting that he had convinced all his co-defendants to plead guilty. The government responded that Smallwood's plea was not timely and his cooperation concerning his own involvement had not been full and complete. The district court denied the extra reduction.
 
 
 5
 Because their pleas and their cooperation were withheld until the eve of trial, neither Whyte nor Smallwood complied with the timeliness requirement of both parts of section 3E1.1(b). Therefore, the district court did not clearly err in denying the extra level of reduction. See United States v. Schau, 1 F.3d 729, 731 (8th Cir.1993).
 
 
 6
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED