United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

Nos. 97-2233/2234

_____

United States of America,         *
         *
      Appellee,         *
         *   Appeals from the United States
    v.         *   District Court for the
         *   Eastern District of Missouri.
Steven Triplett,         *
         *      [UNPUBLISHED]
      Appellant.         *

_____

Submitted: February 6, 1998
Filed: April 15, 1998

_____

Before BOWMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

Steven Triplett was previously sentenced for the armed robbery of a United States Post Office, in violation of 18 U.S.C. § 2114(a) (1994); using a firearm during the robbery, in violation of 18 U.S.C. § 924(c)(1) (1994); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (1994). In this appeal, he challenges the new sentence imposed on him following remand in his direct criminal appeal. See United States v. Triplett, 104 F.3d 1074 (8th Cir.), cert. denied, 117 S. Ct. 1837, 2445 (1997). Counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Triplett has been invited to file a pro se

supplemental brief, but has failed to do so within the time allowed. We now grant counsel's motion to withdraw, and affirm Triplett's sentence.

Counsel raises two issues in the Anders brief. First, she maintains the District Court violated Triplett's due process rights when it departed upward to a total of 168 months of imprisonment. See U.S. Sentencing Guidelines Manual § 2K2.4, comment. (n.2) (1997) (providing for upward departure in certain cases involving sentencing for both § 924(c)(1) offense and underlying offense). Relying on an isolated statement made by the District Court at resentencing, counsel maintains that the Court departed to the extent it did based on a mistaken belief or inaccurate information. After examining the resentencing transcript and the statement at issue--that the Court was going to sentence Triplett "consistent" with what the Court had done in the previous sentencing--it is plain to us that the Court was not operating under any mistaken belief or inaccurate information.

Counsel also argues that the District Court erred in denying Triplett an acceptance-of-responsibility reduction under U.S. Sentencing Guidelines Manual § 3E1.1 (1997) for the felon-in-possession conviction because, rather than putting the government to its burden of proof, Triplett waived his right to a jury trial on the charge and submitted it to the District Court based on his trial testimony related to the armed-robbery and use-of-a-firearm offenses. See Triplett, 104 F.3d at 1077. The District Court concluded that the adjustment was not appropriate because the felon-in-possession count had been grouped with the armed-robbery count under U.S. Sentencing Guidelines Manual § 3D1.2(a) (1997), the armed robbery was the basis for establishing the applicable offense level for the grouped counts, and Triplett therefore received no additional time for the felon-in-possession violation. The Court determined it would be inappropriate under the circumstances to award the reduction, given that Triplett had not accepted responsibility for the armed robbery. We conclude the Court did not clearly err in denying the reduction. See United States v. Nam Xuan Ngo, No. 97-2198, slip op. at 3 (8th Cir. Dec. 30, 1997) (standard of review); cf. United States

v. Giwah, 84 F.3d 109, 113 (2d Cir. 1996) (rejecting argument that § 3E1.1 adjustment should apply to credit-card-fraud violation committed by defendant who was also convicted of other offenses; because sentence did not change if credit-card conviction was thrown out, it was irrelevant whether defendant accepted responsibility for credit-card count).

We also reject Triplett's contention that denial of the reduction violated his due process rights, because withholding the reduction did not amount to punishment. Cf. United States v. McQuay, 7 F.3d 800, 802-03 (8th Cir. 1993) (noting that because § 3E1.1 reduction "merely formalizes and clarifies a tradition of leniency extended to defendants who express genuine remorse and accept responsibility for their wrongs," withholding reduction based on defendant's choice to remain silent does not punish defendant for exercising such right).

Upon review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude no nonfrivolous issues exist.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.