United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 26, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 06-30339
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY LEE FRANK, also known as Jimmie,

Defendant-Appellant.

---

**Appeal from the United States District Court
for the Western District of Louisiana
(2:04-CR-20115-3)**

---

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty, Jimmy Lee Frank challenges his sentence, including 55-years imprisonment, for: conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. §§ 371, 2; interfering with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a), 2; and a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2.

Pursuant to **United States v. Booker**, 543 U.S. 220 (2005), post-**Booker** sentences are reviewed for "reasonableness", guided by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the factors stated in 18 U.S.C. § 3553(a). *E.g.*, **United States v. Mares**, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). In that regard, a district court's factual findings are reviewed for clear error; its interpretation and application of the Guidelines, *de novo*. *E.g.*, **United States v. Villegas**, 404 F.3d 355, 359 (5th Cir. 2005).

Frank contests his Guideline's § 2B3.1(b)(4)(B) offense-level enhancement, applicable if a person was "physically restrained to facilitate commission of the offense or to facilitate escape". He claims reversible error because the victims of the robbery of a casino were not tied, bound, or locked up.

The presentence investigation report stated that Frank and his codefendants escorted a security guard and several casino employees to the casino manager's office at gunpoint and instructed them not to leave. Accordingly, the enhancement was applicable. *See* **United States v. Hickman**, 151 F.3d 446, 460-61 (5th Cir. 1998), *reinstated, in relevant part on reh'g en banc*, 179 F.3d 230, 231 (5th Cir. 1999).

Frank also contends his above-the-guidelines sentence is unreasonable. "Where, as here, a district court imposes a post-**Booker** non-Guidelines sentence — that is, one that deviates ... above ... the relevant Guidelines sentence as opposed to departing with reference to an applicable Guidelines departure provision — we conduct our reasonableness review through an

2

abuse-of-discretion lens, paying particular attention to the specific reasons given for deviating from the Guidelines." ***United States v. Armendariz***, 451 F.3d 352, 358 (5th Cir. 2006).

Frank's sentence was properly based on the district court's consideration of the 18 U.S.C. § 3553(a) factors, including: the nature and circumstances of the instant offense; Frank's history and characteristics; the need to promote respect for the law; and the need to protect the public from Frank's further crimes (in the factual stipulation for his guilty plea, he admitted: to joining a conspiracy to commit armed robberies of approximately 17 truck-stop casinos; and to participating in two armed robberies of casinos). *See **United States v. Smith***, 440 F.3d 704, 707-10 (5th Cir. 2006).

***AFFIRMED***