# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3367

_____

United States of America,      *
                                    *

          Appellee,          *

                                  *      Appeal from the United States

     v.                    *      District Court for the

                                    *      Western District of Arkansas.

Donald Lee Stevens,       *

                                    *           [PUBLISHED]

          Appellant.       *

_____

Submitted: June 8, 2009
Filed: September 4, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

HANSEN, Circuit Judge.

Donald Lee Stevens appeals the sentence imposed after he entered a plea of guilty to armed bank robbery, 18 U.S.C. §§ 2 and 2113(a), (d) (2006), and using or brandishing a firearm during a crime of violence, 18 U.S.C. §§ 2 and 924(c)(1)(A). Stevens argues the district court[1] erred in applying a two-level specific offense characteristic enhancement for the physical restraint of a number of bank employees during the robbery.  We affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

## I.

Stevens and his accomplice, Natalie Abbott, robbed an Arvest Bank branch location at gunpoint on March 10, 2008. Stevens and Abbott entered the bank wearing masks and rubber gloves. Abbott was armed with a loaded handgun. Upon entering the bank, Stevens and Abbott ordered the bank employees to put their hands in the air. The bank employees were then ushered into the employee break room at gunpoint.

Once in the break room, the assailants ordered the employees to lie face down on the floor with their arms outstretched. Stevens inquired whether any employee possessed a "panic button" and commanded the employees to place their keys and cell phones on the ground. Abbott stood guard over the employees using the gun, and she kicked their keys and phones away as the employees surrendered them. She maintained her vigil over the employees while Stevens filled a bag with money from the bank's teller drawers and vault. When Abbott heard two employees praying, she told them to shut up and threatened to hurt them if they did not follow the robbers' commands.

Eventually, Stevens and Abbott marched the employees to the bank's vault. Stevens cut the line to a phone located in the vault, using wire cutters he had brought for that purpose. Stevens then attempted to close the vault door, but a ramp impeded the way. Stevens struggled to move the ramp, cutting himself in the process, but he eventually succeeded. As he was closing the vault door, Stevens inquired whether the employees would be able to breathe with the door closed. After receiving an affirmative answer, he closed the vault door. Stevens and Abbott departed almost immediately.

One of the employees used his cell phone to call emergency dispatch. Although the robbers had not locked the vault door, the employees remained in the vault until a rescuer came and opened the door approximately fifteen minutes later.

Stevens and Abbott were arrested and eventually named in a four-count indictment related to the bank robbery. Stevens pleaded guilty to armed bank robbery, 18 U.S.C. §§ 2 and 2113(a), (d), and use of a firearm during a crime of violence, 18 U.S.C. §§ 2 and 924(c)(1)(A).

The presentence investigation report recommended a two-level enhancement for "physical restraint of any person to facilitate commission of the offense," pursuant to the United States Sentencing Guidelines Manual (USSG or Guidelines) § 2B3.1(b)(4)(B) (2007). Stevens objected to the enhancement at the sentencing hearing, but the district court overruled his objection and applied the enhancement. Application of the enhancement for physical restraint, along with other applicable enhancements and Stevens' criminal history, yielded an advisory Guidelines range of 57 to 71 months of incarceration. Without the physical restraint enhancement, the Guidelines would have advised 46 to 57 months. The district court sentenced Stevens to 60 months of incarceration on the robbery count. Stevens received a consecutive 84-month sentence on the weapons count, the statutory mandatory minimum term of incarceration for that crime. Stevens appeals.

II.

Stevens argues the district court erred in calculating the appropriate Guidelines sentencing range. We review a challenge to a criminal sentence for reasonableness. United States v. Spikes, 543 F.3d 1021, 1023 (8th Cir. 2008). First, we ensure the district court did not commit a significant procedural error, reviewing the district court's findings of fact for clear error and reviewing its interpretation and application of the Guidelines de novo. Id. Then we evaluate the sentence for substantive reasonableness, applying an abuse-of-discretion standard. Id.

Stevens contends the district court committed a significant procedural error in calculating his offense level by applying the sentencing enhancement for physical

restraint. See USSG § 2B3.1(b)(4)(B). Stevens argues that the bank employees were not "physically restrained," as required by the Guidelines, because the bank vault was never locked. Under his view, the restraint was a "mental restraint created by the use of a weapon," and such a restraint cannot amount to the physical restraint required for the specific offense characteristic at issue here. Alternatively, he argues that the enhancement is nonetheless inapplicable because it would amount to impermissible double punishment for the same conduct that supported his plea of guilty to the firearms charge. Based on circuit precedent, we disagree.

Section 2B3.1(b)(4)(B) provides for a two-level increase "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." Under the Guidelines, physically restrained "means the forcible restraint of the victim such as by being tied, bound, or locked up." USSG § 1B1.1, comment. (n.1(K)).

Stevens argues the victims were not "tied, bound, or locked up" because the vault door was not locked and the victims easily could have freed themselves. Our decisions in United States v. Kirtley, 986 F.2d 285 (8th Cir. 1993), and United States v. Schau, 1 F.3d 729 (8th Cir. 1993), dispose of Stevens' first argument.

In Kirtley, the defendant entered a bank while armed with a gun and, in classic fashion, declared, "This is a hold up." 986 F.2d at 285. The defendant "ordered the bank's tellers to lie on the floor and tie their feet together," and he threatened to hurt them if they did not comply. Id. When the tellers complied, the defendant stole cash from a teller drawer and immediately left the bank. The tellers were able to free themselves easily, and they called the police. The defendant appealed application of the same sentencing enhancement at issue in this case, arguing that "by merely asking the tellers to tie their feet together with his materials, [he] did not physically restrain them within the meaning of § 2B3.1(b)(4)(B)." Id. at 286. We held that, "[u]nder § 2B3.1(b)(4)(B), a defendant physically restrains persons if the defendant creates circumstances allowing the persons no alternative but compliance." Id. We

-4-

specifically rejected the defendant's argument that the victims were not physically restrained under § 2B3.1(b)(4)(B) because they easily freed themselves after the defendant left. Id.

In Schau, we applied the rule from Kirtley to a factual situation more analogous to this case. Precisely as in this case, two defendants entered a bank carrying firearms and ordered the victims into a bank vault. Schau, 1 F.3d at 730. After the defendants attempted and failed to lock the victims inside the vault, they wedged a chair against the vault door. The victims were not tied or bound. We held that "[e]ven though the vault door was not locked and the victims were able to free themselves easily, the victims were forced to comply." Id.

Just like the defendants in Kirtley and Schau, Stevens and Abbott entered the bank armed with a gun and issued threats of imminent bodily harm for non-compliance with their demands. Stevens' subsequent actions, including cutting the phone line, moving the ramp, and ensuring the victims would not suffocate, demonstrated to the employees his intent for them to remain in the vault. The gun and threats ensured the employees would comply. The circumstances of this case created no alternative to compliance with the implied, yet obvious, demand to remain in the vault. Under circuit precedent, the district court properly applied the enhancement, even though the victims could have freed themselves easily. Kirtley, 986 F.2d at 286; Schau, 1 F.3d at 730.

Stevens contends Kirtley and Schau are distinguishable. While Kirtley did involve a different method of restraint (tying or binding), see 986 F.2d at 285, that difference is not material to application of the rule from that case. Our interpretation of the physical restraint requirement of § 2B3.1(b)(4)(B), encompassing situations where a defendant creates circumstances allowing a victim no alternative but compliance with his demand to restrain her movement, was not limited to restraint by tying or binding. Id. at 286. Similarly, the fact that the defendants in Schau attempted

to secure the vault door with a chair does not render that case inapplicable. We affirmed the sentence enhancement even though the victims of that bank robbery were able to free themselves easily from the vault. Schau, 1 F.3d at 730. The conclusion that the rule from those cases applies equally here is supported by a similar outcome in a factually similar case from the Seventh Circuit, cited with approval in both Kirtley, 986 F.2d at 286, and Schau, 1 F.3d at 730. See United States v. Doubet, 969 F.2d 341, 342, 347 (7th Cir. 1992) (affirming sentence enhancement for physical restraint where victims were ordered into an unlocked inner room at gunpoint), abrogated on other grounds by United States v. Dunnigan, 507 U.S. 87, 94 (1993).

Stevens also argues that our holding that a physical restraint occurred under the circumstances of this case will produce a rule that any use of a firearm during a robbery will amount to physical restraint. Any number of situations can be imagined to disprove that argument. See id. at 346-47 (suggesting merely brandishing a weapon cannot amount to physical restraint). To be sure, Stevens did more than merely brandish a gun to a single teller as he demanded money from the teller's drawer. He moved the employees to two distinct locations at gun point and closed them in a vault under circumstances clearly implying they should remain there or risk physical harm. Indeed, moving the employees to the break room and then to the vault surely hindered the employees' ability to alert authorities and prevent the defendants' escape to a greater degree than merely brandishing a weapon and allowing the victims to stay where they were.[2] See United States v. Copenhaver, 185 F.3d 178, 182 (3d Cir. 1999) (affirming physical restraint sentencing enhancement where victim was ordered into fireplace with movable screen and noting the significance of the screen in hindering victim's ability to move freely and observe events), cert. denied, 582 U.S. 1097 (2000); United States v. Jones, 32 F.3d 1512, 1519 (11th Cir. 1994) (affirming physical restraint sentencing enhancement where credit union robbery victims were

---

[2]Stevens does not argue his movement of the bank employees did nothing to facilitate commission of the bank robbery.

ordered into unlocked safe room and noting the restraint restricted "victims' ability and capacity to observe events").  Thus, the interpretation of the physical restraint enhancement applied here is not without limits.

Finally, the defendant argues that "if the use of the weapon is relied upon to establish use of physical restraint," then he will be punished twice for his co-conspirator's use of a firearm—once as a sentence resulting from his guilty plea to the weapons charge and again as an enhancement of his sentence for the armed robbery. We rejected a similar argument in Schau, saying "the district court increased the defendants' base offense levels because they restrained the victims in the vault to facilitate their offense, not because the defendants possessed firearms during the robbery."  1 F.3d at 731.  Nonetheless, Stevens relies on USSG § 2K2.4 to support his "double counting" argument.  Generally, that section of the Guidelines prevents the district court from applying "any specific offense characteristic for possession, brandishing, use, or discharge" of a firearm to an underlying offense when the defendant is also sentenced under 18 U.S.C. § 924(c).  USSG § 2K2.4 comment. (n.4). The specific offense characteristic punished by § 2B3.1(b)(4)(B) is the use of physical restraint, not the presence of a firearm.  The firearm was merely a tool used to effect the physical restraint accomplished by Stevens and Abbott.  Thus, the district court's application of USSG § 2B3.1(b)(4)(B) to Stevens' armed robbery sentence did not implicate USSG § 2K2.4.  Consequently, just as in Schau, the challenged sentencing enhancement does not amount to double counting.

III.

Accordingly, the judgment of the district court is affirmed.

_____

-7-