# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1519

_____

United States of America,

        Appellee,

v.

John Anthony Hutter,

        Appellant.

    Appeal from the United States
    District Court for the
    Southern District of Iowa.

       [UNPUBLISHED]

_____

Submitted: October 22, 2010
Filed: October 28, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

John Hutter pled guilty to bank robbery. The district court[1] sentenced Hutter to 120 months' imprisonment. Hutter appeals, challenging the district court's application of a two-level enhancement under the U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2B3.1(b)(4)(B) for physical restraint of a victim during a bank robbery, and the reasonableness of his sentence. We affirm.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

## I. BACKGROUND

On June 2, 2009, Hutter approached a bank custodian, Janet Pewe, who was sweeping near the back door of the bank. Hutter asked Pewe if the bank was closed and she said the lobby was closed but the drive-thru remained open. Hutter then turned as if to leave but came back, showed Pewe a silver revolver (a toy gun, unbeknownst to Pewe), and ordered her to open the door. Hutter pushed Pewe with the gun into the bank, through a kitchen, down a hallway, into the lobby, and to the teller windows. Hutter maintained pressure against Pewe's back and directed her to "keep going." Pewe testified that she felt she had no choice but to comply with Hutter's demands. Once they reached the teller window, Hutter grabbed a tray of money and left the bank the same way he came in. The police arrested Hutter on June 5, 2009. Hutter later admitted his role in the robbery and entered a guilty plea.

At sentencing, the court applied a two-level enhancement for physical restraint, a three-level enhancement for brandishing the fake weapon, and arrived at an advisory sentencing guidelines range of 100 to 125 months. The court sentenced Hutter to 120 months' imprisonment.

## II. DISCUSSION

On appeal, we review a sentence for an abuse of discretion, giving due deference to the district court's decision. "First, we will ensure that the district court did not commit a significant procedural error, such as miscalculating the Guidelines range . . . . If the district court's decision is procedurally sound, then we will consider the substantive reasonableness of the sentence imposed, applying an abuse-of-discretion standard." United States v. Zastrow, 534 F.3d 854, 855 (8th Cir. 2008) (quotations omitted). In determining whether a sentencing court has committed procedural error, we review the court's application of the Guidelines de novo and its

findings of fact for clear error. United States v. Clarke, 564 F.3d 949, 955 (8th Cir.), cert. denied, 130 S. Ct. 651 (2009).

Under the Guidelines, if any person is physically restrained to facilitate commission of a robbery or to facilitate escape, the base offense level is increased two levels. U.S.S.G. § 2B3.1(b)(4)(B). The application note to § 1B1.1(K) defines "physically restrained" as "the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1 cmt. n.1(K). Hutter claims the district court erred in applying this enhancement and that his resulting sentence was unreasonable as a result of its application. Hutter argues that if the facts here suffice (prodding someone from behind with a gun and directing them where to go), then virtually every robbery would involve "restraint," because by its nature, robbery requires a certain degree of control over the victims' freedom of movement.

The district court did not err in its application of the enhancement on these facts. "Under § 2B3.1(b)(4)(B), a defendant physically restrains persons if the defendant creates circumstances allowing the persons no alternative but compliance." United States v. Kirtley, 986 F.2d 285, 286 (8th Cir. 1993) (upholding the enhancement application in a case where the robber did not bind the tellers himself but directed them to bind themselves after producing a gun and threatening them; that the tellers were able to free themselves easily after he left the bank was of no consequence).

In United States v. Stevens, we upheld the application of the enhancement when two people robbed a bank at gunpoint. 580 F.3d 718, 719 (8th Cir. 2009), cert. denied, 130 S. Ct. 1111 (2010). During the robbery, one robber held a gun as she stood guard over employees placed in a break room, while the other secured the money. Ultimately, the two robbers marched the employees to the bank's vault and closed the vault door, leaving it unlocked. The employees remained there until a rescuer came some time later. Id. Because the offender did more than merely

brandish a gun to a single teller as he demanded money from the teller's drawer, we held that the facts supported the enhancement.

> [Stevens] moved the employees to two distinct locations at gun point and closed them in a vault under circumstances clearly implying they should remain there or risk physical harm. Indeed, moving the employees to the break room and then to the vault surely hindered the employees' ability to alert authorities and prevent the defendants' escape to a greater degree than merely brandishing a weapon and allowing the victims to stay where they were.

Id. at 721.

Our interpretation of the physical restraint requirement of § 2B3.1(b)(4)(B) encompasses situations where a defendant creates circumstances allowing a victim no alternative but compliance with his demand to restrain her movement. It is not necessarily limited to restraint by tying or binding. Stevens, 580 F.3d at 721. This case is more akin to Stevens than a case where a robber brandishes a gun in the proverbial "this is a hold-up" scenario. Pewe had no choice but to comply with Hutter's demand to walk from the back door of the bank through the building to the tellers' area. Accordingly, the enhancement was appropriately applied.

As to the ultimate reasonableness of Hutter's sentence, the district court accurately calculated the advisory guidelines sentence and sentenced Hutter near the top of the range, which sentence we may presume is reasonable. United States v. Holy Bull, 613 F.3d 871, 874-75 (8th Cir. 2010). In view of this presumption, and reviewing the district court's thorough 18 U.S.C. § 3553(a) colloquy, we conclude the district court did not abuse its discretion in imposing a 120-month sentence and the resulting sentence was not substantively unreasonable.

-4-

## III.  CONCLUSION

For the reasons stated herein, we affirm.

_____