# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1756
_____

United States of America,

*Plaintiff - Appellee*,

v.

Moses Crowe,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: March 21, 2025
Filed: July 16, 2025
_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.
_____

COLLOTON, Chief Judge.

Moses Crowe was convicted of aiding and abetting a carjacking resulting in serious bodily injury, aiding and abetting the use of a firearm during and in relation to a crime of violence, and unlawful possession of a firearm as a felon. *See* 18 U.S.C.

§§ 2, 2119(2), 924(c)(1)(A)(i), 922(g)(1). The district court[*] sentenced him to 235 months' imprisonment. On appeal, Crowe argues that the court erred by applying a four-level increase under the sentencing guidelines based on an abduction, *see* USSG § 2B3.1(b)(4)(A), and improperly considered conduct that was not relevant to calculate his sentencing guideline range, *see id.* § 1B1.3. He also argues that the sentence is unreasonably long. We conclude that there is no reversible error and affirm the judgment.

This court affirmed Crowe's carjacking conviction in *United States v. Long Pumpkin*, 56 F.4th 604 (8th Cir. 2022). As we recounted there, Saul Crowe forced Phillip Moore at gunpoint to drive a van from a Walmart store to the Ramkota Hotel in Rapid City. Once they arrived at the hotel, Moses Crowe and Ranson Long Pumpkin approached the van. Moses Crowe approached the driver's side and punched Moore in the face. Long Pumpkin entered the back seat, dragged Moore out of the driver's seat, and choked him to the point of unconsciousness. Saul Crowe then drove the van to a location on Nike Road on the outskirts of Rapid City. Moses Crowe followed the van in a separate car.

At Nike Road, Moses Crowe hit another van passenger in the head with a firearm and told him to leave. Moses Crowe, Saul Crowe, and Long Pumpkin then beat Moore. During the skirmish, Moses Crowe yelled that they should "kill" Moore and "leave no witnesses." Long Pumpkin objected. Moses Crowe and another perpetrator then fired gunshots near Moore but did not strike him. After beating Moore unconscious, the perpetrators fled the scene.

In affirming Moses Crowe's conviction for carjacking, we concluded that a reasonable jury could have found that the carjacking "occurred at the Ramkota Hotel

---

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

when the perpetrators disabled Moore and took full control of the van, with one of them operating the vehicle en route to their next destination." *Id.* at 611. And even if Saul Crowe committed a carjacking at the Walmart, a reasonable jury could have found "that a second taking occurred at the Ramkota Hotel" when "Moore briefly retook possession of the van at the hotel, and that Moses Crowe, Long Pumpkin, and Saul Crowe then acquired possession and control of the vehicle by using force against Moore in the parking lot." *Id.* at 611-12. This court remanded for resentencing after vacating Moses Crowe's conviction under § 924(c)(1)(A)(iii) and reducing it to a conviction under § 924(c)(1)(A)(i). *Id.* at 614-15. We will refer to Moses Crowe as "Crowe" in our discussion of the resentencing.

At resentencing, the district court applied a four-level increase under USSG § 2B3.1(b)(4)(A). The court found that Crowe aided and abetted the abduction of Moore at the Ramkota Hotel, and that Moore was abducted to facilitate the carjacking or to facilitate escape. The court then sentenced Crowe to 151 months' imprisonment for carjacking to be served concurrently with 120 months' imprisonment for unlawful possession of a firearm as a felon. The court also imposed an 84-month consecutive sentence for using a firearm during and in relation to a crime of violence. Crowe's total sentence was 235 months' imprisonment.

Crowe first argues that the district court improperly considered his conduct at Nike Road as "relevant conduct" to calculate his guideline range. *See* USSG § 1B1.3. The district court, however, properly considered Crowe's conduct at Nike Road only in applying the sentencing factors under 18 U.S.C. § 3553(a) after the guideline range was determined. In determining what sentence to impose within the guideline range, the court "may consider, without limitation, any information concerning the background, character and conduct of the defendant." USSG § 1B1.4; *see* 18 U.S.C. § 3661.

Crowe also challenges the district court's application of the four-level increase for abduction under USSG § 2B3.1(b)(4)(A). The increase applies "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape." *Id.* Crowe argues that the district court erred because Moore was not abducted until after the carjacking offense was completed.

Even assuming that Moore was not abducted to facilitate commission of the carjacking, the district court did not clearly err in finding that Moore was abducted to facilitate escape. Moore was abducted when the perpetrators, including Crowe, forced him into the back seat of the van and drove him to Nike Road. *See* USSG § 1B1.1, comment. (n.1(A)). By abducting Moore, Crowe and the others hindered Moore's ability to notify law enforcement and thus facilitated their escape from the scene of the carjacking at the Ramkota Hotel. *United States v. Green*, 664 F. App'x 193, 201 (3d Cir. 2016) (affirming application of increase where abduction of driver and passengers "made it less likely that they would report the carjacking to the police in a timely fashion"); *cf. United States v. Stevens*, 580 F.3d 718, 721 (8th Cir. 2009) (applying the physical restraint enhancement under USSG § 2B3.1(b)(4)(B) where the defendant moved employees to two distinct locations at gunpoint and closed them in a vault, which "surely hindered the employees' ability to alert authorities and prevent the defendants' escape").

Crowe also argues that the sentence is unreasonable because the district court did not discuss the sentencing factors under 18 U.S.C. § 3553(a). We review reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court is not required to recite all of the § 3553(a) factors as long as the record shows that the court actually considered them. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The district court heard argument on the § 3553(a) factors and specifically discussed the most salient factors: the nature and circumstances of Crowe's offense and the history and characteristics of the defendant, including his extensive criminal history. The court

-4-

described the offense as "one of the more heinous crimes" that the court had seen, but sentenced Crowe within the advisory range and declined to vary upward. The sentence was not unreasonable.

The judgment of the district court is affirmed.

_____