# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.08-2860

_____

United States of America,      *
                                  *

         Appellee,      *

                                  *      Appeal from the United States

     v.                            *      District Court for the

                                  *      Western District of Missouri.

Tony J. Lee,                        *
                                  *

         Appellant.      *

_____

Submitted: March 13, 2009
Filed: July 2, 2009

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Tony J. Lee pleaded guilty to aiding and abetting assault with intent to rob a post office, in violation of 18 U.S.C. §§ 2114(a) and 2. The district court[1] sentenced Lee to 87 months' imprisonment, applying four sentencing enhancements. On appeal, Lee argues that the district court erred in overruling his objections to the sentencing enhancements without requiring the government to present any evidence and in enhancing his sentence two levels pursuant to U.S.S.G. § 2B3.1(b)(4)(B). We reject Lee's arguments and affirm the judgment of the district court.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

## I. *Background*

On May 12, 2007, Lee, Jesse Melton, and Robert Newsome, Jr., robbed the Longview Post Office in Kansas City, Missouri. Lee and Melton, who were armed with handguns, entered the post office while Newsome remained outside. Lee's presentence investigation report (PSR) stated that Lee and Melton pointed their handguns at several persons and "ordered employees and patrons to the floor." The PSR also stated that Lee reportedly "assist[ed] in the containment of witnesses." After jumping over the post office counter and ordering postal employees to open the cash drawers, Melton removed $1769 in cash and one money order from the drawers. During the course of the robbery, Lee yelled to Melton, "Time is up, we got to go."

A patron who was in an adjacent section of the post office during the robbery attempted to leave unnoticed, but Newsome confronted her outside. Newsome approached the woman with a handgun and tried to take her car keys. When she did not give Newsome her keys, he struck her in the back of the neck with his handgun, causing her to fall to the ground. Lee and Melton joined Newsome outside the post office, and the three men sped away in an automobile. Lee was subsequently interviewed by investigators and admitted his involvement in the robbery.

Lee pleaded guilty to aiding and abetting assault with intent to rob a post office, in violation of 18 U.S.C. §§ 2114(a) and 2. Lee's PSR recommended the application of (1) a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(1) for taking property of a post office; (2) a six-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(B) for the use of a firearm; (3) a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(3)(A) because a "victim sustained bodily injury"; and (4) a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(4)(B) because a "person was physically restrained to facilitate commission of the offense or to facilitate escape." The PSR calculated a total offense level of 29 and a criminal history category I, yielding a Guidelines range of 87–108 months.

Lee objected to the application of the § 2B3.1(b)(2)(B), (b)(3)(A), and (b)(4)(B) enhancements. He argued that he did not personally use a firearm, did not cause a victim to sustain bodily injury, did not physically restrain anyone, and should not be held accountable for Newsome's actions. Lee also specifically denied the allegation in the PSR that he had "assist[ed] in the containment of witnesses." At his sentencing hearing, Lee testified that his handgun was "out where people could see" it but denied pointing it at anyone. Lee stated that Melton ordered people to lie on the ground in the post office and that one or two people complied, but Lee denied that he ordered anyone to the ground. Lee did not dispute that Newsome struck a woman with a handgun, but Lee claimed that he was unaware "that anybody would get hurt" during the robbery. The district court overruled Lee's objections and sentenced him to 87 months' imprisonment, followed by three years of supervised release.

## II. *Discussion*

Lee first argues that the district court erred in overruling his objections to the sentencing enhancements without requiring the government to present any evidence. According to Lee, the court adopted the facts recited in the PSR despite his "timely and specific" objections to those facts.

"The Government must prove by a preponderance of the evidence each of the facts necessary to establish a sentencing enhancement." *United States v. Razo-Guerra*, 534 F.3d 970, 975 (8th Cir. 2008). "In determining whether the Government has met its burden, the district court 'may accept any undisputed portion of the [PSR] as a finding of fact.'" *Id.* (quoting Fed. R. Crim. P. 32(i)(3)(A)). And "unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999). "We have never recognized implied objections to factual statements contained in a PSR. Rather, we require that objections to the PSR be made with specificity and clarity before a district court is precluded from relying on the factual statements contained in the PSR." *Razo-Guerra*, 534 F.3d at 976 (internal quotations

and citations omitted). Indeed, the district court is entitled to rely on facts in the PSR when the defendant "object[s] not to the facts themselves but to the PSR's recommendation based on those facts." *Moser*, 168 F.3d at 1132. Such a "summary objection" fails to "alert the Government as to which specific facts it need[s] to substantiate at the hearing." *Razo-Guerra*, 534 F.3d at 976.

The Guidelines provide that a defendant's sentence should be determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). Furthermore, "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy)," a defendant is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *Id.* § 1B1.3(a)(1)(B). Application Note 2 to § 1B1.3 addresses a defendant's responsibility for the actions of an accomplice as follows:

> Note that the criminal activity that the defendant agreed to jointly undertake, and the reasonably foreseeable conduct of others in furtherance of that criminal activity, are not necessarily identical. For example, two defendants agree to commit a robbery and, during the course of that robbery, the first defendant assaults and injures a victim. The second defendant is accountable for the assault and injury to the victim (even if the second defendant had not agreed to the assault and had cautioned the first defendant to be careful not to hurt anyone) because the assaultive conduct was in furtherance of the jointly undertaken criminal activity (the robbery) and was reasonably foreseeable in connection with that criminal activity (given the nature of the offense).

Contrary to Lee's characterization of his objections, he formally objected to only one factual allegation in the PSR—that he "assist[ed] in the containment of witnesses." Although Lee did not lodge a formal objection to the PSR's allegation that

he pointed his handgun at several persons and ordered employees and patrons to the floor, he denied these allegations at his sentencing hearing. Lee's remaining objections pertained solely to the application of the Guidelines to his conduct.

Lee's argument that the district court erred in overruling his objections to the sentencing enhancements without requiring the government to present any evidence is without merit. Neither party disputes that (1) Lee participated in the post office robbery with Newsome and Melton, (2) Lee was armed with a handgun, (3) Melton pointed his gun at several persons and ordered employees and patrons to lie on the ground, and (4) Newsome injured a patron trying to leave the post office by striking her with his handgun. These undisputed facts eviscerate Lee's factual objection. Whether Lee personally assisted in the containment of witnesses, pointed a gun at specific persons, or ordered employees and patrons to lie on the ground is immaterial because his accomplices undisputedly committed these acts. Therefore, the district court did not err in overruling Lee's objections to the sentencing enhancements without requiring the government to present any evidence.

Lee next argues that the district court erred in applying the § 2B3.1(b)(4)(B) enhancement, emphasizing that he did not physically restrain anyone during the robbery. Section 2B3.1(b)(4)(B) of the Guidelines provides for a two-level enhancement "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." "Physically restrained" is defined as "the forcible restraint of the victim such as by being tied, bound, or locked up." *Id.* § 1B1.1 n.1(K). "The use in the definition of the words 'such as' before those three terms indicates that the terms are merely illustrative examples and do not limit the type of conduct that may constitute a physical restraint." *Arcoren v. United States*, 929 F.2d 1235, 1246 (8th Cir. 1991). "Under § 2B3.1(b)(4)(B), a defendant physically restrains persons if the defendant creates circumstances allowing the persons no alternative but compliance." *United States v. Kirtley*, 986 F.2d 285, 286 (8th Cir. 1993).

Regardless of whether the actions of Lee and Melton inside the post office constituted "physical restraint" for purposes of § 2B3.1(b)(4)(B), Newsome physically restrained the woman attempting to leave the post office when he struck her with his handgun. Striking the woman with the handgun facilitated the commission of the robbery and the escape, *see* U.S.S.G. § 2B3.1(b)(4)(B), was a "forcible" act, *see id.* § 1B1.1 n.1(K), and "create[d] circumstances allowing the [woman] no alternative but compliance," *Kirtley*, 986 F.2d at 286. And Lee's contention that he was unaware "that anybody would get hurt" during the robbery is meritless because Newsome's actions were "reasonably foreseeable" and were committed "in furtherance of" the robbery. U.S.S.G. § 1B1.3(a)(1)(B). The district court thus did not err in applying the § 2B3.1(b)(4)(B) enhancement.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____