# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3668

———————

United States of America,

             Appellee,

    v.

Robert Allen Woida,

             Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Minnesota.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: October 21, 2010
Filed: November 12, 2010

———————

Before RILEY, Chief Judge, MELLOY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Robert Woida pled guilty to distributing child pornography, a violation of 18 U.S.C. § 2252(a)(2), after sending images of child pornography to an undercover officer posing as a fourteen-year-old girl. The district court[1] sentenced Woida to 180 months' imprisonment. Woida appeals, challenging his sentence on both procedural and substantive grounds. We affirm.

———————

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

When reviewing a district court's sentence, we first "ensure that the district court committed no significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). In doing so, we review the district court's construction and application of the sentencing guidelines *de novo* and its factual findings for clear error. *United States v. Bastian*, 603 F.3d 460, 465 (8th Cir. 2010). Second, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. An abuse of discretion may occur "if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment." *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005).

Woida first challenges the district court's five-level sentencing guidelines enhancement under U.S.S.G. § 2G2.2(b)(3)(C) for "[d]istribution [of child pornography] to a minor," which includes distribution to "an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years," § 2G2.2 cmt. n.1. Woida objected to the assignment of the five-level increase in the Presentence Investigation Report ("PSR") "based on the ambiguity in the offense reports [concerning] whether in fact Mr. Woida believed he was distributing child pornography to a minor or whether he was role playing with someone posing as a minor."[2] The district court, without taking any additional evidence, found that the enhancement was warranted. On appeal, Woida claims that the Government was obligated to introduce additional evidence at sentencing to support the enhancement.

---

[2] The offense reports are not in the record, and Woida introduced no evidence supporting his "role-playing" theory.

Although the Government bears the burden of proving the facts necessary to establish a sentencing enhancement by a preponderance of the evidence, the district court may rely on any factual allegation contained in a PSR unless a defendant objects to the allegation "with specificity and clarity." *United States v. Lee*, 570 F.3d 979, 982 (8th Cir. 2009). Woida does not dispute that he knowingly distributed child pornography to the undercover officer, *see* § 2G2.2 cmt. n.1 (defining distribution as "knowing distribution"), and although he objected to the PSR's application of the § 2G2.2(b)(3)(C) enhancement, he did not object specifically to the PSR's factual statement that "[the] undercover officer posed as a 14-year-old girl," PSR ¶ 5. "[U]nless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." *United States v. Razo-Guerra*, 534 F.3d 970, 975 (8th Cir. 2008) (alteration in original) (quoting *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999)). Therefore, the district court had sufficient evidence before it to find that Woida "knowingly distributed" child pornography to "an undercover law enforcement officer who represented . . . that the officer had not attained the age of 18 years." § 2G2.2 cmt. n.1. Accordingly, the district court did not commit procedural error in assessing the five-level enhancement under § 2G2.2(b)(3)(C).

Woida also challenges the substantive reasonableness of his sentence, arguing that the district court placed too much emphasis on the offense conduct and too little on Woida's history and characteristics, resulting in a sentence that was greater than necessary to comply with the 18 U.S.C. § 3553(a) factors. After calculating an advisory guidelines range of 210 to 240 months' imprisonment,[3] and following a thorough discussion of Woida's history and characteristics, including an allegation by his sister that he sexually abused her when she was a child, the district court sentenced Woida to 180 months. In view of the entire record and all of the § 3553(a) factors, we hold that the district court did not commit a clear error of judgment in weighing those

---

[3] Under 18 U.S.C. § 2252(b)(1), 240 months is the statutory maximum.

factors, *see Haack*, 403 F.3d at 1004, and we therefore conclude that this below-the-guidelines sentence is not substantively unreasonable.

Accordingly, we affirm.

_____