# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1911
_____

United States of America

*Plaintiff - Appellee*

v.

Adrian Almonte

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 12, 2012
Filed: November 29, 2012
[Unpublished]

_____

SMITH, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Adrian Almonte appeals from the order of the District Court[1] denying him a sentence reduction under the Fair Sentencing Act of 2010 (FSA) and the corresponding amendments to the U. S. Sentencing Guidelines for cocaine-base (or crack-cocaine) offenses. We affirm.

Almonte pleaded guilty to conspiring to distribute a mixture or substance containing cocaine base. According to his original presentence investigation report (PSR), Almonte was responsible for 113.4 grams of cocaine base. The government objected to the paragraphs of the PSR associated with this calculation and requested that the court find Almonte responsible for just 20 to 35 grams of crack cocaine, consistent with the parties' stipulation in the plea agreement. The court obliged. Almonte's base-offense level under the Guidelines was therefore 26, before adjustment for acceptance of responsibility, and the District Court sentenced Almonte to eighty-four months' imprisonment, the bottom of the Guidelines range.

In August 2011, Almonte sent a letter to the District Court asking how the retroactive amendments to the Guidelines that reduced the penalties for crack-cocaine offenses would apply to his case. The court construed the letter as a pro-se motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and appointed counsel for Almonte.

Under the amended Guidelines, the quantity of cocaine base for which Almonte was held responsible—20 to 35 grams—now could result in one of three base-offense levels: at least 16.8 but less than 22.4 grams is level 22; at least 22.4 but less than 28 grams is level 24; and at least 28 but less than 112 grams is level 26. U.S. Sentencing Guidelines Manual § 2D1.1(c)(7)–(9) (2011). In ruling on Almonte's motion, the District Court found that he was responsible for at least 28 grams of cocaine base and that his base-offense level and the Guidelines sentencing range therefore were

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

unaffected by the FSA amendments, and the court denied the motion for sentence reduction. On appeal, Almonte claims that the District Court erred in finding him responsible for 28 grams of crack cocaine and that in any event, the rule of lenity should apply to him. We review a district court's decision on a motion under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010).

When originally sentencing Almonte, the District Court did not make a specific finding of drug quantity within the stipulated 20 to 35 grams because it was not necessary to do so. Since the FSA amendments, however, that quantity range is now covered by three base-offense levels, as explained above, and the District Court was required to make a more precise factual finding of quantity in order to rule on the § 3582(c)(2) motion. See Dillon v. United States, 130 S. Ct. 2683, 2692 (2010) (noting that "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt"). We review the court's finding for clear error and determine whether that finding is supported by a preponderance of the evidence. United States v. Payton, 636 F.3d 1027, 1046 (8th Cir.) (standard of review), cert. denied, 132 S. Ct. 349 (2011). Almonte claims that the District Court erroneously relied on the objected-to paragraphs in the PSR to find him responsible for 28 grams of crack cocaine. We disagree.

According to the prosecutor's version of events, set out in paragraphs 20 and 22 of the PSR, officers executing a search warrant at the apartment where Almonte was arrested found 100 grams of powder cocaine and 32 grams of "freshly cooked" crack cocaine. Presentence Investigation Report (June 4, 2009) ¶ 20. The resident of the apartment later told investigators that "he was in the process of cooking the powder cocaine into crack" and "that Almonte was there waiting for two ounces

[56.699 grams] of crack to be cooked." Id. ¶ 22.[2] In paragraph 24, the probation officer concluded that the actual amounts seized were 95.8 grams of powder and 32 grams of crack cocaine. Neither Almonte nor the government objected to the factual allegations in these three paragraphs. The District Court did not err in adopting as fact the undisputed allegations in the PSR. See United States v. Lee, 570 F.3d 979, 982 (8th Cir. 2009) (noting that a sentencing court may accept as true any factual allegation in the PSR to which the defendant does not object). Contrary to Almonte's contention, the court's finding that Almonte was responsible for 28 grams was not "inconsistent" with the factual findings made in the original sentencing proceeding—that Almonte was responsible, *as he stipulated in his plea agreement*, for 20 to 35 grams of crack cocaine. Reply Br. of Appellant at 3. Indeed, 28 grams falls squarely within that range. Almonte's claims that the District Court violated his constitutional rights in denying the § 3582(c)(2) motion also fail. He had no due process or Sixth Amendment right to "rebut or explain evidence" that was deemed admitted by him. Br. of Appellant at 11.

Almonte also argues that ambiguity created by the amended Guidelines—which put him into any one of three base-offense levels based on the originally stipulated quantity of crack cocaine without "provid[ing] guidance for which offense level to choose"—requires application of the rule of lenity to his motion for reduced sentence. Id. at 13. The rule of lenity is applicable when there is a "grievous ambiguity or uncertainty in the language and structure" of a statute. United States v. Muhlenbruch, 682 F.3d 1096, 1100 (8th Cir. 2012) (quoting Chapman v. United States, 500 U.S. 453, 463 (1991) and omitting citation to originally quoted case). Assuming without deciding that the rule could apply to a sentence-modification decision under 18 U.S.C. § 3582(c)(2), we nevertheless hold that it is not applicable as Almonte suggests.

---

[2]At his change-of-plea hearing, Almonte agreed with his counsel's statement that "[t]he understanding was that Mr. Almonte was going to pick up half of the amount that was cooked -- to be cooked into crack cocaine." Tr. of Change of Plea Proceedings at 29–30.

Neither the FSA nor the amended Guidelines are ambiguous. The law is clear; it is the District Court's fact-finding that Almonte finds objectionable, and that is not subject to the rule of lenity. For the same reason, Almonte's argument that we should look to legislative history to resolve the suggested ambiguity in the Guidelines also fails.

We affirm the order of the District Court denying Almonte a sentence reduction.

_____