# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2210

_____

United States of America

*Appellee*

v.

Lorenzo Christian

*Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: January 14, 2013
Filed: January 29, 2013
[Unpublished]

_____

Before MURPHY, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Lorenzo Christian pleaded guilty to conspiring to distribute and to possess with the intent to distribute cocaine base (crack). *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The court determined that his guideline sentencing range was 135 to 168 months and sentenced him to 168 months' imprisonment. Two years later, the Sentencing Commission made retroactive amendments to the sentencing

guidelines for crack offenses, and Mr. Christian moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court[1] denied the motion because it concluded that Mr. Christian did not meet the requirements for a § 3582(c)(2) reduction. Mr. Christian appeals and we affirm.

In a § 3582(c)(2) proceeding, district courts must first determine a defendant's eligibility. *See Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010). To be eligible, a defendant must have been sentenced based on a sentencing range that has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In other words, a district court has no power to reduce the sentence of a defendant whose sentencing range is not changed by an amendment to the guidelines; the district court denied Mr. Christian's motion because it concluded that the amendment had no effect on his sentencing range.

To determine whether Mr. Christian was eligible for a reduction, the court had to calculate his sentencing range under the amended guidelines so that it could determine whether it was lower than his original range. Here the court had some difficulty determining Mr. Christian's sentencing range under the amended guidelines: At his original sentencing, the same district judge had found that Mr. Christian was responsible for 500 grams to 1.5 kilograms of crack, which the previous guidelines specifically correlated with a base offense level of 34. U.S.S.G. § 2D1.1 (2009). But in the amended guidelines, that range – 500 grams to 1.5 kilograms – no longer corresponds to a single offense level. Instead, the new guidelines specify that the drug quantity must be at least 840 grams to support Mr. Christian's original offense level of 34. U.S.S.G. § 2D1.1 (amendment effective November 1, 2011). If he was responsible instead for less than 840 grams of crack, his offense level would fall to 32, *see id.*, which would, in turn, lower his

---

[1]The Honorable John A. Jarvey, United States District Court for the Southern District of Iowa.

sentencing range to 120 months (his applicable ten-year minimum) to 135 months and make him eligible for § 3582(c)(2) relief. The court noted that it had not made an explicit quantity finding at the original sentencing and had not needed to do so; it reviewed the sentencing record and asked the parties to file memoranda on the question of drug quantity. The court then filed a written decision denying the motion for a sentence reduction because Mr. Christian was responsible for "far more" than 840 grams of crack and thus his sentencing range had not changed and he did not qualify for a reduction.

In its written decision denying the § 3582(c)(2) motion, the district court refers generally to its remarks at sentencing and concludes that it "clearly intended to find a quantity at or near the top of the range associated with a base offense level of 34." We have some question whether the sentencing transcript reflects a clear intention: The court stated that it had "suspicions that the conspiracy greatly exceeded 1.5 kilograms," then added, "based on the evidence here today, I find it is between 500 grams and 1.5 kilograms ... by the preponderance of the evidence." But where the sentencing record does not establish a fact necessary to decide a § 3582(c)(2) motion, the motion court (as we have said, the same district judge in this case) must make a supplemental finding. *See United States v. Almonte*, No. 12-1911, 2012 WL 5974115, at *1 (8th Cir. Nov. 29, 2012) (unpublished per curiam); *United States v. Moore*, 582 F.3d 641, 646 (6th Cir. 2009). The court made a supplemental finding here and stated in its decision that it "is persuaded" (in the present tense) that the defendants are "responsible for far more than 800 grams of crack." Though the court didn't use the relevant quantity of 840 grams, we believe that any ambiguity as to whether "far more than 800" includes more than 840 grams is resolved by the court adding that the "drug quantity here greatly exceeds 840 grams," and that finding precludes Mr. Christian from obtaining a reduction.

-3-

We reject Mr. Christian's contention on appeal that the original sentencing record did not support the district court's factual finding that he was responsible for more than 840 grams of crack. The government offered evidence from three witnesses at sentencing, and the testimony of one of the conspiracy's suppliers, Mr. Chamberlain, would, in itself, support the finding. Mr. Chamberlain testified that from March, 2000, until his arrest in September, 2003, he provided Mr. Christian and his co-conspirator wife an average of 1 to 1.5 ounces of crack per month. Assuming that they obtained one ounce (more than 28 grams) per month for 40 months, the quantity would have exceeded 1 kilogram of crack, well over the 840 grams that would make Mr. Christian ineligible for a reduction. Though Mr. Chamberlain's statements about drug quantity were not entirely consistent, we disagree with Mr. Christian's argument that the district court could not consider Mr. Chamberlain's testimony at sentencing because it was about events that occurred at least six or seven years earlier. And we note that the drug conspiracy continued long after the conspiracy's last purchase from Mr. Chamberlain. Mr. Christian acknowledged in his guilty plea that he participated in the crack-distribution enterprise for another four years, until September, 2007, and the government offered evidence of other individuals who supplied crack to Mr. Christian and his wife, as well as testimony about the frequent crack sales made at their residence. We conclude that the district court's drug-quantity finding had adequate support in the record.

We affirm the district court's denial of Mr. Christian's motion for a sentence reduction.

_____