# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3147

_____

United States of America

*Plaintiff - Appellee*

v.

Terron Brown, also known as T-Rex

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: February 10, 2014
Filed: February 13, 2014
[Unpublished]

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Terron Anthony Brown appeals the district court's[1] denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 750 to the United States Sentencing Guidelines. Counsel has filed a brief pursuant to *Anders v.*

---

[1] The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

*California*, 386 U.S. 738 (1967), in which he argues that the case should be remanded for a precise factual finding of the amount of crack cocaine attributable to Brown, and the applicable base offense level. Counsel also filed a motion to withdraw.

The district court did not err by implicitly finding that Brown was responsible for at least 840 grams of cocaine base—a finding supported by testimony at Brown's trial and unobjected-to allegations in the presentence report (PSR). *See United States v. Moore*, 706 F.3d 926, 928-29 (8th Cir. 2013) (district court may make supplemental findings in § 3582(c)(2) proceedings if they are necessary to decide motion and do not contradict findings made at sentencing); *United States v. Payton*, 636 F.3d 1027, 1046 (8th Cir. 2011) (district court's drug-quantity calculation is reviewed for clear error); *United States v. Lee*, 570 F.3d 979, 982 (8th Cir. 2009) (unless defendant objects to specific fact alleged in PSR, district court may accept fact as true for sentencing purposes). Thus, the district court did not err when it denied Brown's motion. *See* U.S.S.G. § 1B1.10(a)(1) (court may reduce sentence under § 3582(c)(2) only if qualifying amendment has lowered Guidelines range applicable to defendant); *United States v. Logan*, 710 F.3d 856, 857 (8th Cir. 2013) (de novo review of district court's determination that defendant was not eligible for § 3582(c)(2) reduction). This court affirms.

Counsel's motion to withdraw is denied without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964.

_____