# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2131

———————————————

United States of America

*Plaintiff - Appellee*

v.

Michael Charles Sartin

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: June 29, 2020
Filed: July 2, 2020
[Unpublished]

——————————

Before ERICKSON, WOLLMAN, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Michael Sartin pleaded guilty to distributing methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and received a within-Guidelines-range prison sentence. In an *Anders* brief, Sartin's counsel asks to withdraw and raises four issues. *See Anders v. California*, 386 U.S. 738 (1967). Two arise out of statements

the district court[1] made at sentencing, the first a remark about a hand grenade in Sartin's possession and the second a reference to the seriousness of his drug-distribution offense. The third and fourth claims are that the court deprived him of the right to speak at sentencing and that trial counsel was ineffective. After considering each issue, we conclude that none entitles him to relief.

The district court did not plainly err when, relying on an uncontested fact from the presentence investigation report, it stated that Sartin possessed a hand grenade. *See United States v. Lee*, 570 F.3d 979, 982 (8th Cir. 2009). Nor did the court somehow "double count" his drug distribution by characterizing the offense as "serious." *See* 18 U.S.C. § 3553(a)(1) (requiring district courts to consider the nature and circumstances of the offense).

Sartin also had an opportunity to speak in his own defense. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii); *United States v. Hoffman*, 707 F.3d 929, 937 (8th Cir. 2013). And to the extent he argues that he received ineffective assistance of counsel, we will not consider this issue now. *See United States v. Ramirez–Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that ineffective-assistance-of-counsel claims "are usually best litigated in collateral proceedings").

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 82–83 (1988), and conclude that there are no other non-frivolous issues for appeal. Accordingly, we affirm the judgment and grant counsel permission to withdraw.

_____

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.