# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1538
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Samplawski

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: October 3, 2022
Filed: October 6, 2022
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Aaron Samplawski appeals after he pled guilty to a drug offense. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Counsel challenges the application of the

Guidelines for actual methamphetamine as a matter of policy, the indictment, and the Guidelines-range sentence the district court[1] imposed.

To the extent counsel raises issues relating exclusively to policy, Samplawski is without recourse in this direct appeal. *See United States v. Heim*, 941 F.3d 338, 340 (8th Cir. 2019) (courts are entitled to deviate from sentencing guidelines for policy reasons). Samplawski did not contest the portions of the presentence investigation report (PSR) finding him responsible for certain methamphetamine quantities and purities, thereby permitting the district court to rely on those portions for sentencing purposes. *See United States v. Lee*, 570 F.3d 979, 982 (8th Cir. 2009) (sentencing court may accept as true any factual allegation in PSR to which defendant does not object, and is entitled to rely on such facts when defendant objects not to facts themselves, but to PSR's recommendation based on those facts) (citations and quotations omitted).

Assuming this court's review of the challenge to the indictment is not foreclosed, Samplawski has not shown that any failure to charge drug purity resulted in plain error, given that he was sentenced to less than the statutory maximum prison sentence. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Mung*, 989 F.3d 639, 642 (8th Cir. 2021) (defendant who fails to object to indictment on basis of defect must show good cause to raise issue for first time on appeal); *cf. Apprendi v. New Jersey*, 530 U.S. 466 (2000) (other than fact of prior conviction, any fact that increases penalty for crime beyond prescribed statutory maximum must be charged in indictment).

The court did not impose an unreasonable sentence. It properly considered the factors set forth in 18 U.S.C. § 3553(a), and there is no indication that it overlooked a relevant factor, gave significant weight to an improper or irrelevant

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

factor, or committed a clear error of judgment in weighing relevant factors. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc).

This court has independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and finds no non-frivolous issues for appeal.

The judgment is affirmed, and counsel's motion to withdraw is granted.
_____