**UNITED STATES of America, Appellee,**

v.

**William ROSARIO, Defendant–Appellant.**

**No. 188, Docket 93–1204.**

United States Court of Appeals, Second Circuit.

Submitted Sept. 24, 1993.

Decided Oct. 19, 1993.

James Michael Roth, New York City (Michael Resko, Hurwitz, Stampur & Roth, of counsel), for defendant-appellant.

Mary Jo White, U.S. Atty., S.D.N.Y. (Andrew S. Dember and John W. Auchincloss, II, Asst. U.S. Attys., New York City, of counsel), for appellee.

Before: VAN GRAAFEILAND, PRATT, and WALKER, Circuit Judges.

PER CURIAM:

On November 4, 1991, defendant William Rosario approached a United States Postal Service letter carrier and asked the carrier if he had received any mail. The carrier told Rosario that he did not know if there was mail for him and returned to his duties. While the carrier's back was turned, Rosario hit the carrier on the head, knocking him to the floor, then immobilized the carrier by stepping on his throat while he stole the carrier's wallet and keys.

A few days later, Rosario was an occupant in an automobile involved in an accident. When New York City Police who arrived at the accident scene asked Rosario for identification, he complied by producing a credit card containing a name other than his own. Apparently, Rosario had used the letter carrier's keys to rob postal relay boxes used to store mail, and had stolen several credit cards from the relay boxes. The officers suspected that the name on the credit card was not Rosario, and upon further investigation discovered that Rosario possessed seven credit cards in all, each bearing a different name. The police took Rosario's picture and included it in a photo array shown to the letter carrier on November 18, 1991. From the photo array, the letter carrier positively identified Rosario as the man who robbed him.

Rosario was arraigned on a four count indictment. The indictment charged Rosario with, *inter alia*, assaulting a letter carrier with intent to rob mail matter and property of the United States, 18 U.S.C. § 2114, and possessing credit cards unlawfully taken from the mails, knowing them to be stolen, 18 U.S.C. § 1708. On December 7, 1992, Rosario pleaded guilty to these two counts of the indictment.

At sentencing, with respect to the robbery count the district court adopted the Probation Department's recommended offense level of twenty-six, which consisted of a base offense level of twenty, U.S.S.G. § 2B3.1(a), and an additional two levels each for stealing property of the United States Postal Service, bodily injury to the victim, and physical restraint in the commission of the offense. After performing the required multiple count adjustment, and awarding Rosario a three level downward adjustment for acceptance of responsibility, the court arrived at a net offense level of twenty-three. Based on Rosario's category III criminal history, this offense level resulted in a sentencing range of fifty-seven to seventy-one months. Judge Freeh sentenced Rosario to sixty-four months in prison.

■ The only issue Rosario raises on appeal is whether the district court erred by imposing the two offense level enhancement for "physical restraint" in connection with the robbery charge. *See* U.S.S.G. § 2B3.1(b)(4)(B). We affirm the district court.

■ The Sentencing Guidelines provide for a two level enhancement in the offense level for robbery, "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." U.S.S.G. § 2B3.1(b)(4)(B). "Physically restrained" is defined by cross-reference to § 1B1.1 as "the forcible restraint of the victim such as by being tied, bound, or locked up." *Id.* § 1B1.1, comment. (n.1(i)). The use of the modifier "such as" in the definition indicates that the illustrations of physical restraint "are listed by way of example rather than

limitation." *United States v. Stokley,* 881 F.2d 114, 116 (4th Cir.1989).

Although he acknowledges that the examples listed in the definition of physical restraint are not exclusive, and that his conduct in this case could logically be included, Rosario argues that the examples imply a degree of restraint beyond manually holding the victim. Specifically, Rosario contends that because "bodily injury" is provided for as a separate offense characteristic, physical restraint should be construed narrowly to using some device or means of restraint beyond manual holding. He describes his conduct of stepping on the letter carrier's neck in this case as mere physical contact that does not meet the definition of physical restraint.

In so arguing, Rosario ignores the difference between the use of force in committing a robbery, and forcible restraint of a victim's mobility in order to facilitate the crime. While we agree that the use of force or fear may be an element of the core offense conduct of robbery, *see* U.S.S.G. § 2B1.1, comment. (backg'd), and that mere physical contact with the victim does not inevitably amount to physical restraint, it is clear that physical restraint is not an element of the offense of robbery. "Were it otherwise, the Guidelines would not list physical restraint in § 2B3.1 as a specific offense characteristic for robbery...." *United States v. Doubet,* 969 F.2d 341, 347 (7th Cir.1992).

■ Application of the enhancement for physical restraint is proper as long as restraint is not an element of the primary offense for which the defendant is being sentenced, and it therefore does not result in double counting offense conduct toward sentencing. The separate general guideline for restraint of victim requires as much, instructing that an enhancement for physical restraint should not be applied "where the unlawful restraint of a victim is an element of the offense itself (*e.g.*, this adjustment does not apply to offenses covered by § 2A4.1 (Kidnapping, Abduction, Unlawful Restraint))." U.S.S.G. § 3A1.3, comment. (n. 2). The result also follows from the requirement in § 2B3.1 that the forcible restraint

facilitate, as opposed to constitute, the commission of the offense.

■ Furthermore, because the forcible restraint in this case went beyond simple battery, no double counting results from imposing an enhancement for injury to the victim and physical restraint. By standing on his victim's throat while committing the robbery, Rosario facilitated the commission of the offense in that the victim "could do nothing about [his] situation because of the physical restraint." *Doubet,* 969 F.2d at 347. Facilitation of the offense is the "added something" which justifies imposition of the physical restraint enhancement. *Id.*

■ A district court's finding on whether a victim was physically restrained is a factual determination which should be reviewed for clear error. *See* 18 U.S.C. § 3742(e). Under the circumstances of this case we cannot say that Judge Freeh's finding that Rosario physically restrained his victim by pinning him to the ground by his neck was clearly erroneous. Accordingly, the judgment of the district court is affirmed.