17-2702-cr
United States of America v. St. Juste (Paul)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2018

Submitted: August 14, 2018                    Decided: September 18, 2018

Docket No. 17-2702

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

       Appellee,

       v.

WENSLEY PAUL,

       Defendant – Appellant.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, POOLER, Circuit Judges, and COTE, District Judge.[2]

Appeal from the August 22, 2017, judgment of the District Court for the

Eastern District of New York (Dora L. Irizarry, Chief Judge) sentencing Wensley

Paul to 108 months of imprisonment for his role in a robbery and a firearms

---

[1] The Clerk is requested to amend the official caption.
[2] Judge Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

offense. The Appellant challenges a two level physical restraint enhancement, U.S.S.G. § 2B3.1(b)(4)(B), used to calculate a Sentencing Guidelines sentencing range before imposition of a below Guidelines sentence.

Remanded for recalculation of the sentencing range without the enhancement, and resentencing.

> Mitchell Joel Dinnerstein, New York, NY, submitted a brief for Appellant Wensley Paul.
>
> Richard P. Donoghue, U.S. Atty., Brooklyn, NY, Susan Corkery, Asst. U.S. Atty., Keith D. Edelman, Asst. U.S. Atty., Brooklyn, NY, submitted a brief for Appellee United States of America.

JON O. NEWMAN, Circuit Judge:

The Federal Sentencing Guidelines provide for a two level increase in the base offense level for robbery "if any person was physically restrained to facilitate commission of the offense." U.S.S.G. § 2B3.1(b)(4)(B). This appeal requires interpretation of the words "physically restrained," a matter that has produced different views among the courts of appeals that have encountered it. The appeal is from the August 22, 2017, judgment of the District Court for the Eastern District of New York (Dora L. Irazarry, Chief Judge) sentencing Appellant Wensley Paul

to a below Guidelines sentence of 108 months of imprisonment for his role in a robbery and a firearms offense. The District Court used the physical restraint enhancement in calculating Paul's Guidelines sentencing range.

We conclude that the undisputed facts, revealed by a surveillance videotape, show that no one was "physically restrained" within the meaning of the applicable guideline during the robbery, and we therefore remand for recalculation of the sentencing range without the two level enhancement, and for resentencing.

Facts

The facts of what actions were taken during the robbery are observable from a videotape made by a surveillance camera. What was said is detailed in the presentence report ("PSR"). On September 27, 2016, the Appellant entered the Mill Park Pharmacy in Brooklyn, NY, with co-defendants Gregory St. Juste and Max Narcisse Jr. St. Juste told a store clerk not to move or he would shoot. St. Juste then pulled out a gun and, by gestures, directed another clerk toward the check-out counter, yelling, "If you turn back around I'm going to shoot you. Where's the safe? Where's the Oxy [presumably, oxycodone]?" Narcisse then guided the clerk behind the counter to the cash register, which the clerk opened. Narcisse then stole

cash, cigarettes, a cell phone, and an employee's purse. The Appellant, who was keeping lookout throughout the robbery, then announced "[I]t's time, let's go," whereupon the robbery crew left the store and were driven away by another co-defendant. The total value of the stolen items was $1,205.

Later that day, the police tracked down the robbery crew's getaway car and arrested the Appellant and the rest of the crew.

The Appellant was charged with Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a) ("Count 1"), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 2"). He pled guilty to both counts. The PSR began a Guidelines calculation with a base offense level of 20, *see* U.S.S.G. § 2B3.1(a), added two levels for physically restraining a person during the offense, *see id.* § 2B3.1(b)(4)(B), and one level because obtaining narcotics was an object of the offense, *see id.* § 2B3.1(b)(6), subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1(a), (b), for an adjusted offense level of 20, which in Criminal History Category ("CHC") I yielded a sentencing range of 33-41 months. The PSR then added 84 months for the mandatory minimum consecutive sentence required by 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm, producing a total sentencing range of 117 to 125 months.

At sentencing, the District Court considered and rejected the Appellant's objection to the physical restraint enhancement. In doing so, the Court cited application note 6 to Guidelines section 2B3.1, which explains subsection 2B3.1(b)(2)(F). That subsection provides for a two level increase in the base offense level "if a threat of death was made." The enhancement for physical restraint, which was applied to the Appellant, is explained in application note 1(K) to subsection 1B1.1, which we consider below. However, the District Court acknowledged that application note 6 was "not directly on point with respect to the restraint enhancement," but was nonetheless "at least instructive."

Accepting the PSR's Guidelines sentencing range of 117 to 125 months, the District Court imposed a below Guidelines sentence of 108 months — 24 months on Count 1 and the required 84 months consecutively on Count 2.

## Discussion

The only issue on appeal is whether the two level enhancement for physically restraining a person during the robbery was validly imposed. Without the two level enhancement, the Appellant's adjusted offense level for the robbery would have been 18, yielding in CHC I a sentencing range of 27-33 months, to which the 84 consecutive months required on count 2 would have produced a

sentencing range of 111-117 months, instead of 117-125 months. Although the Appellant's sentence was below the applicable Guidelines sentencing range even with the two level enhancement, the Supreme Court has instructed that every sentencing determination should begin with a correct Guidelines calculation, *see United States v. Gall*, 552 U.S. 38, 49 (2007), and, even with a sentence outside the Guidelines range, an appellate court must "first ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range," *id*. at 51; *see United States v. Ortiz*, 621 F.3d 82, 85 (2d Cir. 2010). The validity of the enhancement therefore must be considered.

The Government contends that the rigorous standards of plain error review apply to such consideration because the Appellant made no objection to the District Court's fact-finding. However, the issue on this appeal is not the factual question of what happened to the store employee; it is the legal question whether the physical restraint enhancement applies to the undisputed facts depicted in the videotape, and the Appellant objected to the enhancement. We recognize that a videotape might not always establish undisputed facts, as Justice Stevens has noted, *see Scott v. Harris*, 550 U.S. 372, 396 (2007) (Stevens, J., dissenting) (videotaped car chase presented jury issue), but in this case the videotape leaves

no doubt as to what occurred. The Appellant's confederate St. Juste ordered the store clerk at gunpoint to go to the cash register. The question is whether that action is a physical restraint to which the Guidelines enhancement applies.

The Sentencing Commission has explained what it means by physical restraint in application note 1(K) to subsection 1B1.1 of the Guidelines. That note states: "'Physically restrained' means the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1, comment. (n.1(K)).

In *United States v. Anglin*, 169 F.3d 154 (2d Cir. 1999), where the offense was bank robbery, this Court took guidance from the examples in application note 1(K):

> "We think that displaying a gun and telling people to get down and not move, without more, is insufficient to trigger the 'physical restraint' enhancement. Such conduct is materially different from the Guidelines examples, each of which involves a restraint of movement by the use of some artifact by which the victim is 'tied' or 'bound' . . . or by the use of a space where the victim is 'locked up' . . . . The Application Note examples, while not imposing inflexible limitations upon the phrase 'physical restraint,' nonetheless are intended as meaningful signposts on the way to understanding the Sentencing Commission's enhancement purpose."

*Id*. at 164. We emphasized that "the restraint must be 'physical.'" *Id*. To hold otherwise, we pointed out, would mean that "virtually every robbery would be

subject to the 2-level enhancement for physical restraint unless it took place in unoccupied premises." *Id*. at 165.

Other courts have also ruled that the physical restraint enhancement does not apply where crime victims were ordered to lie down or merely move. *See United States v. Garcia*, 857 F.3d 708, 710, 713 (5th Cir. 2017) (enhancement does not apply where customers ordered at gunpoint to get down on the floor during gun store robbery); *United States v. Drew*, 200 F.3d 871, 880 (D.C. Cir. 2000) (enhancement does not apply where defendant ordered his wife to leave her bedroom and walk down the stairs at gunpoint); *United States v. Doubet*, 969 F.2d 341, 346 (7th Cir. 1992) (dictum that enhancement would not apply to ordering people during robbery to move to one side of a room).

Several courts have ruled that the physical restraint enhancement applies where victims were ordered to move to a different room or a confined space. *See United States v. Coleman*, 664 F.3d 1047, 1050-51 (6th Cir. 2012) (enhancement applies where victim forced at gunpoint to walk out of his office to a place where defendant could better monitor his activities); *United States v. Taylor*, 620 F.3d 812, 815 (7th Cir. 2010) (enhancement applies where teller ordered at gunpoint to move from vault to teller's station); *United States v. Stevens*, 580 F.3d 718, 721-22 (8th Cir.

2009) (enhancement applies where bank employees during robbery ordered at gunpoint to move into unlocked bank vault); *United States v. Nelson*, 137 F.3d 1094, 1112 (9th Cir. 1998) (enhancement applies where customer and employee ordered at gunpoint to move to back room); *United States v. Thompson*, 109 F.3d 639, 641 (9th Cir. 1997) (enhancement would apply where teller ordered at gunpoint to move from teller area to unlocked vault); *United States v. Jones*, 32 F.3d 1512, 1519 (11th Cir. 1994) (enhancement applies where customers and employees ordered at gunpoint to move into a safe room).

Some courts have interpreted the physical restraint enhancement more broadly to apply where people at a crime scene are told not to move, to kneel, or to get on the floor. *See United States v. Miera*, 539 F.3d 1232, 1236 (10th Cir. 2008) (enhancement applies where bank customers during robbery told at gunpoint not to move); *United States v. Wallace*, 461 F.3d 15, 34-35 (1st Cir. 2006) (enhancement applies where one victim ordered not to move and defendant's co-conspirator blocked another victim's escape by jumping in front of her and ordering her to stop); *United States v. Thompson*, 109 F.3d at 641 (enhancement would apply where bank customer during robbery told at gunpoint to get on floor).

In the pending appeal, the direction given to the store employee to move to the cash register is more extensive than ordering customers to lie on the floor during a bank robbery but less extensive than ordering customers and employees to another room or an unlocked bank vault. The most significant aspect of the employee's movement is not that it was merely to a different spot within a room where the robbery occurred. Rather, what weighs against the physical restraint enhancement is that the employee was ordered to go to the spot where an employee is often directed to go in many store robberies — to the cash register. The main message of this Court's decision in *Anglin* is that in the absence of physical restraint similar to being bound or moved into a locked or at least a confining space, the enhancement is not to be added where the direction to move is typical of most robberies. We need not decide whether ordering more extensive movement or coercing movement by physical contact is required for the physical restraint enhancement.

The Sentencing Commission has decided the base offense level for robbery, and provided enhancements for, among other things, inflicting injury, *see* U.S.S.G. § 2B3.1(b)(3), and the amount of money taken, *see id*. § 2B3.1(b)(7), both matters

that can vary in seriousness among robberies. Adding the enhancement in this case would simply add punishment to conduct that is typical of most store robberies.

## Conclusion

The case is remanded with directions to calculate an adjusted offense level for the robbery offense without the enhancement for physical restraint and then resentence the Appellant as the District Court deems appropriate.