FILED
United States Court of Appeals
Tenth Circuit

April 16, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM WADE,

    Defendant - Appellant.

No. 18-1429
(D.C. Nos. 1:18-CV-01739-RM
and 1:16-CR-00079-RM-2)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

William Wade, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to challenge the district court's denial and dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We deny Wade's COA request and dismiss this appeal.

Not only are the parties aware of the facts and procedural history of this matter, but we also outlined the history of Wade's case in depth in his direct appeal, *United States v. Wade*, 719 F. App'x 822 (10th Cir. 2017). Because the facts of his case are not at issue, we need not repeat the background details here. At its essence,

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Wade and his brother pleaded guilty to armed bank robbery under 18 U.S.C. § 2113(a) and (d) and brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). *Wade*, 719 F. App'x at 824. On direct appeal, Wade challenged his § 924(c)(1)(A)(ii) conviction as unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and argued the district court improperly applied § 2B3.1(b)(4)(B)'s two-level enhancement for robberies involving physical restraint. *Wade*, 719 F. App'x at 825. We disagreed with both assertions and affirmed his convictions on December 20, 2017. *Id.* at 828.

Subsequently, on July 8, 2018, Wade filed a § 2255 petition seeking to vacate his sentence due to ineffective assistance of trial and appellate counsel. After receiving the government's response and Wade's reply, the district court denied and dismissed the petition in a thorough and well-reasoned order. The district court then declined to issue a COA and denied Wade *in forma pauperis* status on appeal, concluding an appeal could not be taken in good faith. Wade moved for reconsideration and, in the alternative, requested a COA. The district court denied both. Wade then filed a timely notice of appeal and now seeks our review.

Because the district court denied Wade a COA, we lack jurisdiction to consider the merits of his appeal unless we first issue a COA. *See* 28 U.S.C. § 2253(c)(1)(B). We will do so "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where, as here, the "district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable

2

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 472, 484 (2000).

In his Combined Opening Brief and COA Application, Wade has raised the same arguments we addressed in his direct appeal: the constitutionality of his § 924(c) conviction and the application of the two-level enhancement under § 2B3.1(b)(4)(B). Notably, he does not tie either assertion to a claim of ineffective assistance of counsel as he did in his § 2255 petition before the district court. In fact, he does not mention his attorneys in his brief and application at all. Because Wade is proceeding "pro se, we liberally construe his filings." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[B]ut we will not act as his advocate" nor will we craft his legal arguments. *Id.* In this case, Wade hasn't given us much to work with.

First, Wade argues his § 924(c) conviction must be vacated as unconstitutionally void for vagueness. Ordinarily, we would deem this argument procedurally barred and summarily "refuse to reconsider [an argument] presented in a § 2255 motion that w[as] raised and adjudicated on direct appeal." *United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018) (internal quotation marks omitted); *see United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks omitted)). Wade argues, however, that the law of this circuit has changed since we decided his direct appeal. This would customarily warrant our review of the matter. *See Trent*, 884 F.3d at 995 ("An intervening change in the law

3

allows reconsideration of a previous decision in the same case only to the extent the change affects the previous decision."). Unfortunately for Wade, he is mistaken on the status of the law.

Specifically, Wade argues his § 924(c) conviction should be vacated based on our holdings in *United States v. Hopper*, 723 F. App'x 645 (10th Cir. 2018), and *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018).[1] But *Salas* and *Hopper* both addressed § 924(c)(3)'s residual clause. *See Hopper*, 723 F. App'x at 646 ("[O]ur only question on appeal is whether [18 U.S.C.] § 1201(a) qualifies as a crime of violence under the residual clause of § 924(c)(3)(B)."); *Salas*, 889 F.3d at 684 ("Mr. Salas could have been convicted only under the second definition, known as § 924(c)(3)'s 'residual clause.'"). And as we explained to Wade on direct appeal, and his appellate counsel correctly conceded, his conviction stands under § 924(c)(3)'s elements clause and is unaffected by cases concerning the unconstitutionality of the statute's residual clause. *Wade*, 719 F. App'x at 826-27. If Wade is trying to argue his appellate counsel was ineffective for so conceding, he is sorely misguided. Thus, our decision on the matter in Wade's direct appeal remains the law of the case; we will not reconsider it (and even if we did, we would agree with our prior holding based on *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017)).

---

[1] Wade also cites a District of Montana decision, *United States v. Meza*, No. CV-16-095-BLG-DLC, 2018 WL 2048899 (D. Mont. May 2, 2018). But that case also involved the residual clause of § 924(c)(3)(B). *Meza*, 2018 WL 2048899, at *8. Even if it did apply, it does not affect the law of the case.

Second, Wade contends we must revisit and overturn our decision in *United States v. Fisher*, 132 F.3d 1327 (10th Cir. 1997), because it conflicts with other circuits and it allowed the district court to improperly apply the two-level enhancement under § 2B3.1(b)(4)(B) to his sentence.[2] But again, this Court has already addressed and rejected Wade's challenge to *Fisher* on direct appeal. *Wade*, 719 F. App'x at 827-28. As much as Wade asserts that *Fisher* is wrongly decided, and despite his cited Fifth and Second Circuit opinions, *Fisher* remains the law of this Circuit. We remind Wade, as we also did in his direct appeal, that "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). His appellate counsel moved for en banc reconsideration of our holding in his direct appeal, which would have addressed the continued validity of *Fisher*, but that request was denied. *See* Order, *United States v. Wade*, No. 16-1391 (10th Cir. Feb. 27, 2018) (denying petition for rehearing and denying request to poll the court for en banc reconsideration). There is nothing more appellate counsel could have done; any claim of ineffective assistance of counsel in this regard is meritless.

In his Combined Opening Brief and COA Application, Wade abandons all other issues and arguments raised in his district-court § 2255 motion; he thus leaves unchallenged the district court's rulings regarding them. Accordingly, we deem any

---

[2] Specifically, he argues our holding in *Fisher* conflicts with *United States v. Garcia*, 857 F.3d 708 (5th Cir. 2017), and *United States v. Paul*, 904 F.3d 200 (2d Cir. 2018).

remaining issues in his § 2255 petition waived and will not address them. *See United States v. McIntosh*, 723 F. App'x 613, 615 (10th Cir. 2018) (declining to consider arguments that were raised in a § 2255 motion when the appellant made "no substantive arguments concerning these rulings" in his COA application and opening brief); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

After carefully reviewing Wade's brief and the record on appeal, we conclude that reasonable jurists would not debate whether the district court erred in denying and dismissing his § 2255 motion. We therefore deny Wade's COA application and dismiss this appeal.

We also deny Wade's motion to *in forma pauperis* because he has failed to offer "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted).

Entered for the Court

Gregory A. Phillips
Circuit Judge

6