18-2960(L)
United States v. Hunter

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of February, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RICHARD J. SULLIVAN,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

             v.                                          18-2960; 18-2961

DAVID DANIEL HUNTER,

                  *Defendant-Appellant*.

_____

Counsel for Appellant:      James P. Egan, Assistant Federal Public Defender, Syracuse, N.Y.

Counsel for Appellee:       Paul David Silver, Cyrus P.W. Rieck, Assistant U.S. Attorneys, Syracuse, N.Y., *for* Grant C. Jaquith, U.S. Attorney for the Northern District of New York, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant David Daniel Hunter appeals from the October 1, 2018 judgment of the Northern District of New York (Scullin, *J.*), principally sentencing Hunter to concurrent terms of 96 months' imprisonment for each of two convictions for Hobbs Act Robbery, 18 U.S.C. § 1951(a). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo whether the district court erred in applying the two-level sentencing enhancement for physical restraint of persons to facilitate a robbery under United States Sentencing Guidelines § 2B3.1, *see United States v. Thompson*, 921 F.3d 82, 85 (2d Cir. 2019), the issue presented on this appeal.

The district court erred in applying the physical restraint enhancement to Hunter's conviction for the New York robbery. Based on our review of the facts of the New York robbery as presented in the PSR and the New York plea agreement, Hunter did not "physically restrain" any person within the meaning of U.S.S.G. § 2B3.1. In *United States v. Anglin*, 169 F.3d 154, 164 (2d Cir. 1999), we explained that the physical restraint enhancement requires actual physical restraint. We noted that physical restraint could be accomplished a number of ways, such as by "immobiliz[ing]" a victim "by stepping on his throat" or through "threats of death . . . as well as an admonition . . . that an armed accomplice stood outside the door," which "served as a figurative lock and key." *Id.* at 163 (quotation marks omitted). Thus, while "displaying a gun and telling people to get down and not move" may cause victims to "*feel* restraint," "without more," such actions are insufficient to trigger the "physical restraint" enhancement. *Id.* at 164 (emphasis added). We have therefore declined to apply the enhancement where a robber's "direction to move is typical of most robberies" and where there was no "physical restraint similar to being bound or moved into a locked or at least a confining space." *United States v. Paul*, 904 F.3d 200, 204 (2d Cir. 2018). Here, the record shows that Hunter followed store employees to the store's break room, stole an employee's cell phone, directed the employees to count to 100, threatened to hurt the employees if they called the police, and then left the store. There is no evidence that store employees were "tied, bound, or locked up," U.S.S.G. § 1B1.1, comment. (n.1(K)), or otherwise moved into a confining space, such as a room with a closed or locked door, *cf. United States v. Rosario*, 7 F.3d 319, 320-21 (2d Cir. 1993).

We conclude, nonetheless, that this error was harmless. The district court stated unequivocally that it would have imposed the same sentence on Hunter even if it did not apply the enhancement, and we cannot say that such a sentence was unsupported by the record. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) ("Where we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." (quotation marks omitted)).

We have considered the remainder of Hunter's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk