24-1312-cr
*United States v. Rivas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-five.

Present:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                24-1312-cr

LUIS RIVAS,

> *Defendant-Appellant.*[*]

---

FOR APPELLEE:                     Nicholas J. Moscow, Nadia E. Moore, Anna L. Karamigios, Raffaela S. Belizaire, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLANT: Sarah Kunstler, Law Office of Sarah Kunstler, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Luis Rivas pleaded guilty to one count of assault in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3). Rivas, along with two fellow MS-13 members, attacked another inmate at the Manhattan Detention Complex while awaiting trial on state charges. On April 23, 2024, the district court calculated a Sentencing Guidelines range of 70 to 87 months' imprisonment after applying enhancements for the use of physical restraint, U.S.S.G. § 3A1.3, and more-than-minimal planning, U.S.S.G. § 2A2.2(b)(1). The court sentenced Rivas to 70 months' imprisonment, ten of which are concurrent with his 420-month sentence on other federal charges. App'x at 276; *see also United States v. Amador-Rios et al.*, No. 18-CR-398, Dkt. No. 331. Rivas appeals, arguing that his 70-month sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

I. **Procedural Reasonableness**

"A district court commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,]" or "fails adequately to explain its chosen sentence" with "an explanation for any deviation from the Guidelines range." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (quotation marks omitted). "[F]actual determinations

2

underlying a district court's Guidelines calculation are reviewed for clear error." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015). "A finding of fact is clearly erroneous only if, after reviewing all of the evidence, this Court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quotation marks omitted).

A. <u>Physical-Restraint Enhancement</u>

U.S.S.G. § 3A1.3 provides for a two-level enhancement "[i]f a victim was physically restrained in the course of the offense." The Guidelines Commentary defines "physically restrained" as "the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1 cmt. 1(L). "Application of the enhancement for physical restraint is proper as long as restraint is not an element of the primary offense for which the defendant is being sentenced, and it therefore does not result in double counting offense conduct toward sentencing." *United States v. Rosario*, 7 F.3d 319, 321 (2d Cir. 1993).

The district court applied the physical-restraint enhancement after finding that (1) Rivas had shut the victim's cell door during the assault and (2) his co-conspirator, Dennis Cabrera, had held the victim down during the beating. *See* App'x at 226. Rivas argues that the enhancement should not apply because a "degree of restraint is part of the offense of assault" and "the mere fact of assaulting someone with a dangerous weapon limits their freedom of movement." Appellant's Br. at 26. We disagree.

First, Cabrera's kneeling and standing on the victim qualifies as a physical restraint under U.S.S.G. § 3A1.3 because it involves "forcible restraint of a victim's mobility in order to facilitate the crime" of assault. *Rosario*, 7 F.3d at 321. Physical restraint is not an element of the assault in aid of racketeering charge to which Rivas pleaded guilty, *see* 18 U.S.C. § 1959(a)(3), or the

3

assault statute underlying that charge, *see* N.Y. Penal Law § 120.05(2). So application of the enhancement "does not result in double counting offense conduct toward sentencing." *Rosario*, 7 F.3d at 321.

Second, Rivas used a physical restraint during the assault by closing the victim's cell door. That physical restraint facilitated the assault by preventing the victim's escape and obscuring the attack from guards. *See United States v. Taylor*, 961 F.3d 68, 80 (2d Cir. 2020) ("Other circuits have approved application of the enhancement where victims were physically secured in an area, either by locking or closing a door or imposing some other physical barrier."); U.S.S.G. § 1B1.1 cmt. 1(L) (including "lock[ing] up" a victim as an example of a physical restraint).

Either of these physical restraints is sufficient to support the district court's application of the two-level enhancement in U.S.S.G. § 3A1.3. Rivas does not argue that the district court clearly erred in finding the underlying facts from the jail's surveillance footage. Accordingly, the district court did not err in applying the physical-restraint enhancement.

B.      More-Than-Minimal-Planning Enhancement

U.S.S.G. § 2A2.2(b)(1) provides for a two-level enhancement if "the assault involved more than minimal planning." The Guidelines Commentary defines "more than minimal planning" as "more planning than is typical for commission of the offense in a simple form." U.S.S.G. § 2A2.2(b)(1) cmt. 2. "For example, waiting to commit the offense when no witnesses were present would not alone constitute more than minimal planning. By contrast, luring the victim to a specific location or wearing a ski mask to prevent identification would constitute more than minimal planning." *Id.*

4

The district court applied the more-than-minimal-planning enhancement after finding that (1) the surveillance footage shows Rivas and his co-conspirators signaling to each other and coordinating their approach to the victim's cell, (2) Cabrera had discussed the attack with his girlfriend on a recorded call prior to the assault, and (3) the other co-conspirator had brought a makeshift knife to the attack. *See* App'x at 225. The district court also incorporated by reference its findings from the sentencings of Rivas's co-defendants, including "[t]he fact that the three perpetrators were all MS13 members, that all of them admitted that they did this because of or in furtherance of their membership[,] is further evidence of planning and premeditation even beyond the way the attack was carried out." *Id.* at 69.[1] Rivas argues that a "series of deliberate advance actions to orchestrate the event are—or should be—required and cannot be established in this case." Appellants' Br. at 31. We disagree.

Even if U.S.S.G. § 2A2.2(b)(1) did require a series of "deliberate advance actions," *cf.* U.S.S.G. § 2A2.2(b)(1) cmt. 2 (requiring only "more planning than is typical for commission of the offense in a simple form"), Rivas has not shown clear error in the district court's finding that "there was some period of time in which it can be inferred that the three defendants planned the attack." App'x at 225. In particular, the district court found that the surveillance footage shows that the three "know that they are going to carry out this attack at a certain time, and are essentially signaling each other visually, at least, to go in together and attack the victim." *Id.* at 226. Absent a "definite and firm conviction that a mistake has been committed," *Cramer*, 777 F.3d at

---

[1] We consider these findings incorporated because Rivas's counsel did not object to the district court's incorporation at sentencing, his sentencing submission cited Cabrera's sentencing transcript, and his appellate appendix included the transcripts.

5

601 (quotation marks omitted), we affirm the district court's application of the more-than-minimal-planning enhancement.

## II. Substantive Reasonableness

"Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (cleaned up). "We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions" under the Section 3553(a) factors. *Cavera*, 550 F.3d at 189 (quotation marks omitted).

Rivas argues that the "district court's procedural errors . . . render the 70-month sentence . . . unreasonably harsh and therefore substantively unreasonable." Appellant's Br. at 32. But as explained above, the district court did not err in applying the Guidelines enhancements for physical restraint and more-than-minimal planning. Nor is the district court's 70-month sentence, which is at the low end of Rivas's advisory Guidelines range, "shockingly high." *Muzio*, 966 F.3d at 64 (quotation marks omitted).

\* \* \*

We have considered the remainder of Rivas's arguments and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7